OPINION
{¶ 1} Plaintiffs-appellants William and Sheila Triplett appeal the decision of the Mahoning County Common Pleas Court, which dismissed their lawsuit with prejudice for failure to obtain service over the defendants within one year. We are faced with various arguments concerning the effect of the failure of service and the savings statute. However, the main issues concern whether the trial court properly dismissed the complaint with prejudice merely because service was not perfected within one year and whether the filing of an amended complaint was equivalent to filing a new complaint upon which a new attempt of service could be made. For the following reasons, the decision of the trial court is reversed and this case is remanded.
 STATEMENT OF THE CASE {¶ 2} The Tripletts contracted to buy a house in what was to be a large development on the East Side of Youngstown on McKelvey Lake. They moved into their house; however, the development never materialized. They claim this constitutes some kind of wrongful inducement, and they also claim various flaws in the construction of their home. The within civil action was filed on June 7, 2001 against Commodore Development Corporation, Beachwood Village I, Limited Partnership, and its general partner, Beachwood Village, Inc. The City of Youngstown and a corporation who was the limited partner in Beachwood Village, Inc. were also sued, but they have since been dismissed as parties.
 {¶ 3} On October 15, 2002, the trial court gave the Tripletts notice that their action could be dismissed for want of prosecution due to a failure of service upon the three aforementioned entities. On October 24, 2002, the Tripletts instructed the clerk to serve the defendants again using the same address for Beachwood Village I and Commodore that had previously been returned as "attempted not known."
 {¶ 4} As for Beachwood Village, Inc., the clerk was instructed to send the summons to a prior statutory agent. This agent informed the Tripletts that it had not been the agent for Beachwood Village, Inc. since February 1997, when Walter Burks, Beachwood Village, Inc.'s president, replaced it as the statutory agent as evidenced by filings with the Secretary of State. Apparently, Mr. Burks was deceased; so, on November 7, 2002, the Tripletts filed a motion to "substitute" the estate of Mr. Burks as a party and to extend the time for service upon the estate. On January 6, 2003, the trial court granted the Tripletts' request.
 {¶ 5} On February 12, 2003, the Tripletts filed a complaint naming the same three defendants but adding to the caption, "c/o Estate of Walter A. Burks [name of estate's attorney and his address]." However, on March 20, 2003, the court vacated its prior order and held that there is no procedure for substituting the estate of a statutory agent upon that agent's death, also noting that the agent was never a defendant in the first place so substitution of his estate as a party made no sense. The court noted that the Tripletts' motion had misled the court into thinking that Mr. Burks had already been served as a party. The court then accepted briefs on the issue of whether the case should be dismissed for a failure to perfect service within one year.
 {¶ 6} On July 11, 2003, the trial court explained that it had no power to extend the time within which service could be perfected. The court concluded that it lacked personal jurisdiction over the defendants since service of process was never obtained. The court declined the Tripletts' request to construe their February 12, 2003 amended complaint and praecipe to the clerk as a refiled action. The trial court reasoned that the cited Supreme Court case was distinguishable, interpreting that case as requiring the Tripletts' amended complaint to be "identical" to the original complaint. The trial court dismissed the action with prejudice. The Tripletts filed timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 7} The Tripletts set forth the following assignment of error and issue presented:
 {¶ 8} "The trial court erred when it determined that the tripletts failed to obtain service on appellees within a one-year period."
 {¶ 9} "Whether appellant's instruction to the clerk to file an amended complaint in effect commenced a new action since the applicable statute of limitations had not expired."
 {¶ 10} The parties' arguments are based upon the interplay of Civ.R. 3(A) and R.C. 2305.19, and the application of Goolsby v.Anderson Concrete Corp. (1991), 61 Ohio St.3d 549 and Fetterolfv. Hoffman-LaRoche, Inc. (1995), 102 Ohio App.3d 106. Pursuant to Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." The aforementioned R.C. 2305.19, known as the savings statute, provides in relevant part: "In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * [the] failure has expired, the plaintiff * * * may commence a new action within one year after such date."
 {¶ 11} Appellee notes that the savings statute can only be used one time. Appellee thus argues that the original complaint in this action already utilized the savings statute because a prior action was filed and voluntarily dismissed. Appellee concludes that the amended complaint (which they consider a third complaint) cannot be considered equivalent to a refiled complaint because this would be using the savings statute more than once.
 {¶ 12} The Tripletts admit that they did file an action in March 1998, which they voluntarily dismissed before filing the original complaint in this action in June 2001. However, they argue that they did not utilize the savings statute because they were not in danger of missing the statute of limitations for breach of contract. They note that the reason they could not perfect service upon the defendants on their complaint in this action is because Walter Burks, president and statutory agent for the defendants, died and the defendant entities failed to appoint successor agents as required by R.C. 1701.07(D) and 1728.04(D). They conclude that although they failed to perfect service within one year from the date their complaint was filed, the filing of an amended complaint and a praecipe instructing the clerk to serve such complaint should be considered a refiled complaint, which would give them another year to commence their suit under Civ.R. 3(A) by perfecting service on the defendants.
 {¶ 13} First, we shall dispose of appellee's argument concerning the savings statute. It is true that the savings statute can only be used one time to refile a case. Thomas v.Freeman (1997), 79 Ohio St.3d 221, 227. However, the savings statute specifically states that it is for cases where "the time limited for commencement of such action * * * has expired * * *." R.C. 2305.19. Thus, where a party is not in danger of missing the statute of limitations, that party's refiled action is not governed by the savings statute. Due to the trial court's decisions in this matter, this case never reached a stage where any statute of limitations issues could be raised by these defendants. (And, appellees do not make any suggestion that the statute of limitations has run.) Regardless, the point is: the rule that the savings statute can only be used one time is irrelevant where the plaintiff's original, and subsequent or amended complaints, both fall within the applicable statute of limitations.
 {¶ 14} With that issue disposed of, we must now examine an area of law not considered by the parties or the trial court concerning the dismissal being labeled as "with prejudice." This law is best explained by the Supreme Court in the aforementionedThomas case.
 {¶ 15} Besides the provision in Civ.R. 3(A) that an action is commenced by filing a complaint and obtaining service within one year, another civil rule provides as follows:
 {¶ 16} "If a service of the summons and complaint is not made upon a defendant within six months after filing of the complaint and the party * * * cannot show good cause why such service was not made * * *, the action shall be dismissed as to that defendant without prejudice * * *." Civ.R. 4(E). See, also,Thomas, 79 Ohio St.3d at 229
(Cook, J., concurring) (noting that Civ.R. 4(E) directs courts to dismiss without prejudice so as to avoid a conflict with Civ.R. 3(A)'s provision that an action is commenced if service is perfected within one year).
 {¶ 17} Moreover, Civ.R. 41(B)(1) states, "[w]here the plaintiff fails to prosecute * * * the court * * * may * * * dismiss an action or claim." A dismissal for lack of jurisdiction, including a lack of personal jurisdiction, operates as an adjudication otherwise than on the merits, i.e. without prejudice. Civ.R. 41(B)(4). See, also, Thomas,79 Ohio St.3d at 225. A lack of personal jurisdiction can result from a failure to perfect service on the defendant. Id. Here, the trial court found a lack of personal jurisdiction due to a failure to perfect service within a year.
 {¶ 18} "Dismissal with prejudice is a very severe and permanent sanction, to be applied with caution." Id. at 226. According to the Supreme Court's analysis in Thomas, the trial court's dismissal in this case could only be without prejudice, not with prejudice. See Id. at 226 (stating that regardless of whether a dismissal for lack of service is performed under Civ.R. 4(E) or Civ.R. 41(B)(1), the effect is a dismissal without prejudice). "[W]here a case is dismissed because the court did not have jurisdiction, such as in this case where service has not been perfected, the dismissal is always otherwise than on the merits." Id. at 225. In accordance, it appears the trial court's dismissal with prejudice was erroneous. Id. See, also, Abel v.Safety First Indus., Inc., 8th Dist. No. 80550, 2002-Ohio-6482;Crisan v. Staffeld (June 15, 2001), 7th Dist. No. 99CA280.
 {¶ 19} The question now becomes whether any dismissal was warranted. This leads into the Triplett's argument that their amended complaint should have been treated as a refiled complaint upon which they could attempt service anew. We already disposed of the savings statute argument, which appellee believed countered this claim. This leaves us to determine the proper application of the Goolsby and Fetterolf cases. Although the final analysis in both cases dealt with application of the savings statute, the initial analysis in both cases is relevant to the ultimate issue in the case at bar.
 {¶ 20} In Goolsby, the plaintiff filed a complaint but instructed the clerk not to attempt service. More than one year later and two days before the statute of limitations ran on the claim, the plaintiff instructed the clerk to issue a summons. Service was not obtained until six days later. Plaintiff voluntarily dismissed her action and then refiled it under the savings statute. The defendant filed a motion to dismiss the second action claiming that the plaintiff could not use the savings statute because the first action was not commenced within the applicable statute of limitations since the complaint was not served within one year. The trial court and the appellate court agreed. However, the Supreme Court reversed finding that the first action was properly commenced.
 {¶ 21} The Court acknowledged, "[A] purely technical application of Civ.R. 3(A) would result in a finding that Goolsby had not commenced her action, despite the fact that the first complaint was filed and a demand for service was made within the limitations period prescribed by statute." Id. at 550. The Court noted that if she had dismissed her complaint and refiled it, instead of instructing the clerk to serve the original complaint, then Goolsby would have been safe. Id. at 551. The Court concluded that such an exercise was an impediment to the expeditious administration of justice. Id., citing Civ.R. 1(B). Thus, the court held:
 {¶ 22} "[W]hen service has not been obtained within one year of filing a complaint, and the subsequent refiling of an identical complaint within rule would provide an additional one year within which to obtain service and commence an action under Civ.R. 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refiling of the complaint." Id. (also noting that this all could have been avoided if the trial court would have attempted to utilize Civ.R. 4(E) to clear his docket after service was not obtained after six months).
 {¶ 23} In Fetterolf, the Eleventh Appellate District was faced with a similar case, except that the amended complaint added a wrongful death claim. First, the court found that the trial court had no authority to extend Civ.R. 3(A)'s one-year period for commencement of actions. Id. at 277. The court stated that it was clear that service of process of the original complaint was not perfected within the one-year period. Id. at 278. However, the court applied the rationale of Goolsby and found that the filing of the amended complaint and instruction to the clerk to attempt service on the amended complaint was the equivalent of refiling the complaint. Therefore, it provided an additional year to commence the action under Civ.R. 3(A). Id. at 279. The court made this decision even though the amended complaint was not identical to the original as in the Goolsby
case. Id.
 {¶ 24} Here, the trial court stated, "[t]he Amended Complaint in this case attempted to bring in an additional party that was not named in the original complaint." The trial court refused to apply Goolsby and Fetterolf because it determined that the Tripletts' amended complaint was not identical to the original complaint. However, the trial court's rationale is erroneous for various reasons.
 {¶ 25} First, whether the complaint is identical is irrelevant in a case where the savings statute is not being utilized. The Supreme Court's use of the phrase, "identical complaint" had significance only because the savings statute was needed to save the claim from expiration of the statute of limitations.
 {¶ 26} Second, contrary to the trial court's statement, the amended complaint in Fetterolf was not identical to the original complaint; in fact, it added a wrongful death claim. Third, the trial court and both briefs in this appeal cite the wrong Fetterolf decision. They cite (1995),102 Ohio App.3d 106, but that case was redecided by the Eleventh District in (1995), 104 Ohio App.3d 272.
 {¶ 27} Lastly, the amended complaint in this case does not attempt to add a new party as the trial court suggested. Rather, the Tripletts merely added a "care of" line and a new address to the caption of the complaint.
 {¶ 28} Regardless of any confusion caused by the Triplett's motion to substitute in this case, they did not need permission to file an amended complaint since no responsive pleading was filed by any existing defendant. Civ.R. 15(A). See, also,Fetterolf, 104 Ohio App.3d at 281. Under the above case law and analysis, the amended complaint in this action is equivalent to a refiled action for the purposes of avoiding dismissal of the case for failure of service.
 {¶ 29} In conclusion, the trial court erred in dismissing this action with prejudice. Additionally, the trial court erred in failing to consider the amended complaint and instructions to serve summons as a refiled complaint for purposes of Civ.R. 3(A) and 4(E).
 {¶ 30} For the foregoing reasons, the decision of the trial court is hereby reversed and this case is remanded for further proceedings according to law and consistent with this Court's opinion.[1]
Waite, P.J., concurs.
Donofrio, J., concurs.
[1] We note that our reversal of the trial court's dismissal on the grounds cited above does not mean that we endorse the Tripletts' attempt to serve the two corporations and the limited partnership by serving the attorney for the estate of the prior statutory agent, even where that prior agent was also an officer of the corporation and a manager of the limited partnership. Although Civ.R. 4.2(F) and (G) allow service upon a corporation by serving an officer or service upon a limited partnership by serving a manager, there is no provision for serving the estate of a deceased officer of a corporate defendant or a deceased manager of a limited partnership in order to serve the entity.
The Tripletts cite R.C. 1701.07(D), which states that if any agent dies, the corporation shall forthwith appoint another agent by filing a written appointment form with the Secretary of State. See, also, R.C. 1728.04(D) (for limited partnership). However, this does not mean that if an entity fails to promptly replace a deceased agent, then a plaintiff can serve a complaint upon the estate of the agent.
On remand, steps could be taken to effectively serve the three defendants within the time allowed by rule. For instance, R.C.1701.07(H) provides that process can be served upon the Secretary of State as the agent of a corporation under circumstances such as those that exist here. We also note the service by publication option in Civ.R. 4.4(A)(1).