OPINION
{¶ 1} Plaintiffs-appellants, William and Sheila Triplett, appeal a decision of the Mahoning County Court of Common Pleas dismissing their taxpayer's complaint against defendants-appellees, Beachwood Village I Limited Partnership, Commodore Development Corporation, National City Community Development Corp., and David Burks in his capacity as the executor of the estate of Walter Burks.
 {¶ 2} The Tripletts contracted to buy a house in what was to be a large development on the East Side of Youngstown on McKelvey Lake.[1]
They moved into their house; however, the development never materialized. They claimed this constitutes some kind of wrongful inducement, and they also claimed various flaws in the construction of their home. On June 7, 2001, before they filed the taxpayer action that is the subject of the instant appeal, they filed their own personal action in Mahoning County Common Pleas Court (case No. 01 CV 1473), against Commodore Development Corporation, Beachwood Village I Limited Partnership, and its general partner, Beachwood Village, Inc. The city of Youngstown and National City Community Development Corp., a corporation that was a limited partner in Beachwood Village, Inc., were also sued, but were subsequently dismissed as parties.
 {¶ 3} On October 15, 2002, the trial court gave the Tripletts notice that their action could be dismissed for want of prosecution due to a failure of service upon the three remaining defendants, Commodore Development Corporation, Beachwood Village I Limited Partnership, and its general partner, Beachwood Village, Inc. On October 24, 2002, the Tripletts instructed the clerk to serve the defendants again using the same address for Beachwood Village I and Commodore that had previously been returned as "attempted not known."
 {¶ 4} As for Beachwood Village, Inc., the clerk was instructed to send the summons to a prior statutory agent. That agent informed the Tripletts that it had not been the agent for Beachwood Village, Inc. since February 1997, when Walter Burks, Beachwood Village, Inc.'s president, replaced it as the statutory agent as evidenced by filings with the Secretary of State. Apparently, Burks was deceased; so, on November 7, 2002, the Tripletts filed a motion to substitute the estate of Burks as a party and to extend the time for service upon the estate. On January 6, 2003, the trial court granted the Tripletts' request.
 {¶ 5} On February 12, 2003, the Tripletts filed a complaint naming the same three defendants, Commodore Development Corporation, Beachwood Village I Limited Partnership, and its general partner, Beachwood Village, Inc., but adding to the caption "c/o Estate of Walter A. Burks [name of estate's attorney and his address]." However, on March 20, 2003, the trial court vacated its January 6, 2003 order for two reasons. First, R.C. 1782.04(D) and R.C. 1701.07(D) provide that if an agent for either a limited partnership or corporation dies, the limited partnership or corporation must appoint another agent. Based on those provisions, the court found that the estate of a statutory agent cannot be substituted as the statutory agent for a limited partnership or corporation and that a plaintiff must serve the new statutory agent appointed by the limited partnership or corporation. Second, citing Civ.R. 25(A)(1) which deals with the substitution of a party upon that party's death, the court noted that the agent was never a party in the first place, so substituting his estate as a party made no sense. The court noted that the Tripletts' motion had misled the court into thinking that Burks had already been served as a party. The court then accepted briefs on the issue of whether the case should be dismissed for a failure to perfect service within one year.
 {¶ 6} On July 11, 2003, the trial court explained that it had no power to extend the time within which service could be perfected. The court concluded that it lacked personal jurisdiction over the defendants, since service of process was never obtained. The court declined the Tripletts' request to construe their February 12, 2003 amended complaint and praecipe to the clerk as a refiled action. The trial court reasoned that the Supreme Court case they cited was distinguishable, interpreting 465, 2004-Ohio-4905, 816 N.E.2d 1092. that case as requiring the Tripletts' amended complaint to be identical to the original complaint. The trial court dismissed the action with prejudice. The Tripletts appealed that decision to this Court.
 {¶ 7} The issues on appeal were whether the trial court properly dismissed the complaint with prejudice merely because service was not perfected within one year and whether the filing of an amended complaint was equivalent to filing a new complaint upon which a new attempt of service could be made. On September 3, 2004, this Court found that "the trial court erred in dismissing [the] action with prejudice. Additionally, the trial court erred in failing to consider the amended complaint and instructions to serve summons as a refiled complaint for purposes of Civ.R. 3(A) and 4(E)." Triplett v. Beachwood VillageInc., 158 Ohio App.3d 465, 2004-Ohio-4905, 816 N.E.2d 1092, at ¶ 29. This Court proceeded to reverse the trial court's decision and remanded it for further proceedings.
 {¶ 8} On remand, the procedural history of the case (i.e., case No. 01 CV 1473) takes a confusing turn. On December 16, 2004, the trial court ordered the case into mediation and scheduled a mediation conference. Service of that order was not able to be obtained on the defendants. On May 27, 2005, the trial court again ordered the case into mediation and again service on the defendants was unobtainable. Thereafter, the record falls silent and although it appears as though the case remains pending, the docket indicates that the case was closed.
 {¶ 9} On June 4, 2003, while case No. 01 CV 1473 was still pending, the Tripletts filed another complaint in Mahoning County Common Pleas Court (case No. 03 CV 1859) against defendants-appellees, Beachwood Village I Limited Partnership, Commodore Development Corporation, National City Community Development Corp., and David Burks in his capacity as the executor of the estate of Walter Burks. The Tripletts filed the complaint in their capacities as taxpayers and on behalf of the city of Youngstown.
 {¶ 10} On June 25, 2004, appellees filed a motion to dismiss on the grounds that the original action had already been dismissed and refiled. Appellees argued that filing the complaint in the capacity as taxpayers constituted a third refiling of the complaint, which is not permitted under R.C. 2305.19, Ohio's savings statute. The trial court granted the motion to dismiss without explanation.This appeal followed.
 {¶ 11} The Tripletts' sole assignment of error states:
 {¶ 12} "The trial court erred when it granted Appellee's Motion to Dismiss."
 {¶ 13} The Tripletts' sole issue presented for review states:
 {¶ 14} "Whether Appellant's action was barred by the one time refiling provisions of the Ohio Savings statute § 2305.19, Ohio Revised Code."
 {¶ 15} Initially, it should be noted that appellees never filed their motion to dismiss under Civ.R. 12(B) or any one of the specific categories of Civ.R. 12(B). Inasmuch as appellees' motion centered on whether the Tripletts could state a claim upon which relief could be granted based upon R.C. 2305.19, this court applies the appropriate standard of review under Civ.R. 12(B)(6). See Powell v. Vorys, Sater,Seymour Pease (1998), 131 Ohio App.3d 681, 723 N.E.2d 596. (applying the Civ.R. 12(B)(6) standard of review to a dismissal based on R.C.2305.19). The standard of review for a Civ.R. 12(B)(6) motion to dismiss requires the appellate court to independently review the complaint to determine if the dismissal was appropriate. Ferreri v. The Plain DealerPublishing Co. (2001), 142 Ohio App.3d 629, 639, 756 N.E.2d 712.
 {¶ 16} A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs. (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. "In order for a court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief." Doe v. Archdiocese ofCincinnati, 109 Ohio St.3d 491, 849 N.E.2d 268, 2006-Ohio-2625, at para;11.
 {¶ 17} The Tripletts argue that case No. 01 CV 1473 involved their personal property interest claims for negligence and breach of contract. In contrast, they argue that the claims in case No. 03 CV 1859 were brought not only for the protection of their own personal interests, but also for those of the taxpayers and the public generally, citing 733.59 which allows for such actions.
 {¶ 18} Appellees argue that case No. 01 CV 1473 and case No. 03 CV 1859 are the same case. Appellees contend that because case No. 01 CV 1473 has been dismissed once and refiled, appellants are barred from refiling a third time as case No. 03 CV 1859 by R.C. 2305.19.
 {¶ 19} R.C. 2305.19(A) states:
 {¶ 20} "In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant."
 {¶ 21} The Tripletts do not dispute that a third refiling of the same case would be barred by R.C. 2305.19 (A). However, appellants argue that case No. 01 CV 1473 and case No. 03 CV 1859 are two completely separate actions and, therefore, the filing of case No. 03 CV 1859 was not a third refiling of case No. 01 CV 1473.
 {¶ 22} Appellants argue that the two cases are different because case No. 01 CV 1473 was filed by appellants in their capacity as private citizens and case No. 03 CV 1859 was filed by appellants in their capacity as taxpayers in Mahoning County.
 {¶ 23} R.C. 733.59 which states:
 {¶ 24} "If the village solicitor or city director of law fails, upon the written request of any taxpayer of the municipal corporation, to make any application provided for in sections 733.56 to 733.58 of the Revised Code, the taxpayer may institute suit in his own name, on behalf of the municipal corporation. Any taxpayer of any municipal corporation in which there is no village solicitor or city director of law may bring such suit on behalf of the municipal corporation. No such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding."
 {¶ 25} In addition, State ex rel. Hostetler v. Hunt (1937),56 Ohio App. 120, 123, 10 N.E.2d 115, cited by the Tripletts held:
 {¶ 26} "If the prosecuting attorney fails, upon the written request of a tax-payer of the county, to make the application or institute the civil action contemplated in the preceding section, such taxpayer may make such application or institute such civil action in the name of the state."
 {¶ 27} In the case that is the subject of the present appeal involving lower court case No. 03 CV 1859, the Tripletts did write a letter to the law director for the city of Youngstown, asking him to sue appellees for specific performance and to recover financial damages which the taxpayers have suffered as a result of appellees' alleged breach of contract. The law director did not act on the request.
 {¶ 28} In case No. 01 CV 1473, the Tripletts sought an amount not less than $25,000 in compensatory damages, an amount not less than $75,000 in exemplary damages, and specific performance ordering appellees to construct the remaining homes promised in the contract between appellees and the city of Youngstown. In the complaint, the Tripletts claim the compensatory damages are compensation because their home was not properly constructed by appellees. The Tripletts sought exemplary damages because they claim appellees acted with gross disregard of the financial interests of appellants.
 {¶ 29} In case No. 03 CV 1859, appellants sought an amount not less than $680,000 in compensatory damages, an amount not less than $2,040,000 in exemplary damages, and specific performance ordering appellees to construct the remaining homes promised in the contract. The amounts sought in damages differ in the two cases, as well as the reasons for seeking damages.
 {¶ 30} The Tripletts clarified that the $680,000 in compensatory damages is for the amount of the Housing and Urban Development grant that the city of Youngstown gave to appellees to build the houses promised in the contract.
 {¶ 31} The Tripletts stated that the exemplary damages in the amount of $2,040,000 are appropriate in case No. 03 CV 1859 because, as a result, the Tripletts, including the city of Youngstown, have suffered damages, including devalued property, loss of economic opportunities, and loss of property tax revenue. While the first two reasons are all losses of the Tripletts, the loss of property tax revenue clearly is a loss borne by the city of Youngstown, not the individuals included as the Tripletts.
 {¶ 32} Case No. 03 CV 1859 is clearly distinguishable from the Tripletts claim as private citizens in case No. 01 CV 1473. Both cases are seeking different amounts in damages and for different reasons. It is also clear that case No. 03 CV 1859 is for the benefit of the city of Youngstown and for the Tripletts in their capacity as taxpayers, as opposed to case No. 01 CV 1473, which was filed for the benefit of the Tripletts as private citizens.
 {¶ 33} In addition, the timeline presented by this litigation somewhat belies appellees' argument that case No. 03 CV 1859 would constitute the third filing of this case. The Tripletts filed case No. 01 CV 1473 on June 7, 2001. They filed case No. 03 CV 1859 on June 4, 2003. Assuming arguendo that the two actions were identical, at first blush these dates may appear to reflect a "re-filing" of the same case. However, case No. 01 CV 1473 was still pending when the Tripletts filed their taxpayer action in case No. 03 CV 1859. It is difficult to understand how case No. 03 CV 1859 could constitute a "re-filing" when case No. 01 CV 1473 had yet to be dismissed.
 {¶ 34} In conclusion, the Tripletts have stated a claim upon which relief can be granted and the trial court erred in dismissing their complaint in case No. 03 CV 1859.
 {¶ 35} Accordingly, the Tripletts' sole assignment of error has merit.
 {¶ 36} The decision of the trial court is hereby reversed and remanded for further proceedings according to law and consistent with this Court's opinion.
Waite J., concurs.
DeGenaro, J., concurs.
[1] Portions of the underlying facts of this case are borrowed verbatim from this court's previous decision involving litigation related to this case in Triplett v. Beachwood Village, Inc. , 158 Ohio App.3d 465, 2004-Ohio-4905, 816 N.E.2d 1092.