[Cite as *Wright v. Proctor-Donald*, 2013-Ohio-1973.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| JANICE WRIGHT | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2012-CA-00154 |
| BEVERLY PROCTOR-DONALD, ESQ. | : | |
| | : | O P I N I O N |
| Defendant-Appellee | | |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                             Common Pleas, Case No. 2012CV00695

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      May 13, 2013

APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee

JACK COOPER                          JONATHAN PHILIPP
KRISTEN S. MOORE                     PHILIPP & GREGORY
DAY, KETTERER, LTD                   5005 Rockside Road
200 Market Avenue North              Suite 200
Canton, OH 44702                     Independence, OH 44131

*Gwin, P.J.*

**{¶1}** Appellant Janice Wright appeals the July 20, 2012 judgment entry of the Stark County Court of Common Pleas.

*Facts & Procedural History*

**{¶2}** On May 18, 2009, appellant retained appellee Beverly Proctor-Donald, Esq. as her attorney to handle a dental malpractice claim against Dr. Michael Crites. The one year statute of limitations for dental malpractice expired on May 30, 2009 and appellee failed to file a complaint on appellant's behalf by this date. Appellee told appellant on October 27, 2009 that the statute of limitations for the dental malpractice claim had elapsed and appellee withdrew her representation of appellant with respect to the claim on November 17, 2009.

**{¶3}** Appellant filed a pro se complaint against appellee for legal malpractice on May 10, 2010. The trial court sua sponte dismissed the complaint "other than on the merits" on May 19, 2010 for the failure to assert a recognizable claim. Appellant obtained counsel and re-filed her legal malpractice complaint against appellee on October 15, 2010. On March 3, 2011, appellant dismissed the legal malpractice action pursuant to Civil Rule 41(A) and indicated she was "reserv[ing] her right to re-file her complaint within one year of today's date." Appellant re-filed her legal malpractice claim against appellee on March 1, 2012, alleging appellee negligently failed to bring an action against Dr. Crites before the expiration of the one year statute of limitations for dental malpractice claims.

**{¶4}** Appellee moved to dismiss the March 1, 2012 complaint pursuant to Civil Rule 12(B)(6), arguing appellant could not rely on Ohio's savings statute and therefore

the statute of limitations barred appellant's claim for legal malpractice. The trial court granted appellee's motion to dismiss on July 20, 2012, finding the complaint to be barred by the statute of limitations

{¶5} Appellant filed an appeal of the trial court's July 20, 2012 judgment entry and raises the following assignment of error on appeal:

{¶6} "I. THE TRIAL COURT ERRED IN DISMISSING MS. WRIGHT'S CLAIMS, BECAUSE (1) SHE DID NOT PREVIOUSLY USE OHIO'S SAVINGS STATUTE AND WAS ENTITLED TO ITS PROTECTION IN THIS CASE, (2) THE TRIAL COURT WAS REQUIRED TO LIBERALLY CONSTRUE THE SAVINGS STATUTE, WHICH IT DID NOT, (3) THE TRIAL COURT WRONGLY INTERPRETED THE LEGISLATIVE INTENT OF THE SAVINGS STATUTE, AND (4) EVEN ASSUMING THE TRIAL COURT'S STATUTORY INTERPRETATION WAS CORRECT, IT SHOULD HAVE BEEN APPLIED PROSPECTIVELY."

{¶7} The standard of review on a Civil Rule 12(B)(6) motion to dismiss is de novo. *Greely v. Miami Valley Maintenance Contrs., Inc.,* 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). In a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

*Utilizing the Savings Statute*

{¶8} Appellant states she is entitled to use the savings statute when filing her March 1, 2012 complaint. Appellant argues the application of the savings statute to her March 1st complaint does not result in her using the savings statute multiple times as the savings statute was not triggered by her second complaint in October of 2010

because that case was filed within the original statute of limitations for the legal malpractice claim. We disagree.

{¶9} The current version of the savings statute, codified in R.C. 2305.19(A) and effective in 2004, provides as follows:

In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff, or if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. * * *

{¶10} The former version of the statute prior to 2004 differed from the current statute in two important ways. First, it began with the phrase "in an action." Second, it included the requirement that the "time limited for the commencement of such action at the date of the reversal or failure has expired * * *." Thus, prior to 2004, the language of the statute provided the savings statute could only be applied if a claim failed after the statute of limitations had expired.

{¶11} Examining the plain language of current R.C. 2305.19, it is apparent the language limiting the application of the savings statute to situations in which the limitations period had already lapsed at the time of the first failure is absent and the savings statute instead applies to "any action" that is dismissed otherwise than on the merits. Under the current version of the statute, a claim may be re-filed using the savings statute on the latter of the following timeframes: (1) within one year from the

date of reversal or failure other than on the merits or (2) within the period of the original applicable statute of limitations.

**{¶12}** Appellant cites *Tripplett v. Beachwood Village* in support of her argument that the savings statute is not implicated when a second complaint is filed within the statute of limitations period. 158 Ohio App.3d 465, 2004-Ohio-4905, 816 N.E.2d 1092 (7th Dist.). However, we find the *Tripplett* case distinguishable from the instant case because *Tripplett* was decided utilizing the previous version of R.C. 2305.19 and the holding is specifically based on the language "the time limited for commencement of such action * * * has expired" to determine the savings statute is not implicated when a second complaint is filed within the statute of limitations period. *Id.* at 469. The language relied on by the *Tripplett* court is not contained in the current version of R.C. 2305.19.

**{¶13}** Prior to the 2004 amendment of R.C. 2305.19, the Ohio Supreme Court held the savings statute could only be used once to re-file a case and could not be used to keep actions alive indefinitely. *Thomas v. Freeman*, 79 Ohio St.3d 221, 227, 680 N.E.2d 997 (1997). The rationale behind this limitation on the savings statute is to obtain finality of decisions and so the purpose of the civil rules to prevent indefinite filings is not frustrated. *Hancock v. Kroger Co.*, 103 Ohio App. 3d 266, 659 N.E.2d 336 (10th Dist. 1995). After the amendment of R.C. 2305.19, courts analyzing the statute have continued to hold that the savings statute cannot apply twice to the same case. *Dargent v. Ohio Dept. of Transp.*, 171 Ohio App.3d 439, 2006-Ohio-6179, 871 N.E.2d 608 (6th Dist.); *Eichler v. Metal & Wire Prods. Co.*, 7th Dist. No. 07 CO 14, 2008-Ohio-3095.

{¶14} Appellant filed her original complaint on May 10, 2010. The trial court dismissed this complaint otherwise than on the merits on May 19, 2010. Based upon the plain language of R.C. 2305.19, this qualifies as "any action" otherwise than on the merits and triggered the savings statute, meaning appellant could re-file her claim within the later of one year from the dismissal otherwise than on the merits (May 19, 2011) or the end of the limitations period (November 17, 2010). Appellant did re-file her claim on October 15, 2010. However, she then voluntarily dismissed her claim on March 3, 2011. When appellant filed her complaint on March 1, 2012, she had already used the savings statute for her October 15, 2010 filing. The limitation on using the savings statute only once in a case prohibited appellant from using the savings statute to file her March 1st complaint. Accordingly, the trial court properly determined appellant could not utilize the savings statute to re-file her complaint on March 1, 2012.

*Liberal Construction & Legislative Intent*

{¶15} Appellant next argues the trial court failed to liberally construe R.C. 2305.19 and misinterpreted the legislative intent of amended R.C. 2305.19. We disagree.

{¶16} Generally when construing a statute, "a court's paramount concern is the legislative intent." *State ex rel. Herman v. Klopfleisch*, 72 Ohio St.3d 581, 584, 651 N.E.2d 995 (1995). In doing so, the court must first look to the plain language of the statute itself to determine the legislative intent. *Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81, 676 N.E.2d 519 (1997). If language used in a statute is clear and unambiguous, the statute must be applied as written and it is not appropriate to engage in further interpretation. *Id.* "A court should give effect to the words actually employed in a

statute, and should not delete words used, or insert words not used, in the guise of interpreting the statute." *State v. Taniguchi*, 74 Ohio St.3d 154, 656 N.E.2d 1286 (1995), citing *State v. Waddell*, 71 Ohio St.3d 630, 631, 646 N.E.2d 821 (1995). We find nothing ambiguous in the terms of R.C. 2305.19. Here, the trial court correctly looked to the plain language of the current version of R.C. 2305.19 and determined the absence of the language "and the time limited for the commencement of such action at the date of reversal or failure has expired" and the addition of the phrase "in any action," clearly indicated the savings statute is not limited to circumstances in which the original statute of limitations has expired. Because the statute is clear and unambiguous, no further interpretation is necessary.

{¶17} Appellant is correct that generally the savings statute should be liberally construed. *Cero Realty Corp. v. Am. Mfrs. Mut. Ins. Co.*, 171 Ohio St. 82, 167 N.E.2d 774, paragraph one of syllabus (1960). However, the trial court did not err in failing to liberally construe the savings statute in this case. R.C. 2305.19 is not ambiguous and the plain language is clear that it applies to "any action" where the claim is dismissed otherwise than on the merits and is not limited only to those circumstances when the action was dismissed while still within the statutory limitations period. The plain language of the statute allows for the possibility that a claim might fail otherwise than upon the merits and be re-filed before the limitation period elapses. Thus, the preference for liberal construction cannot overcome the plain meaning of the statute.

*Prospective Application*

{¶18} Appellant finally argues that, even assuming the trial court's interpretation of R.C. 2305.19 is correct, it should be applied prospectively. The "general rule is that

an Ohio court decision applies retrospectively unless a party has contract rights or vested rights under the prior decision." *DiCenzo v. A-Best Products Co., Inc.*, 120 Ohio St.3d 149, 156, 2008-Ohio-5327, 897 N.E.2d 132. However, the court has discretion to apply a decision prospectively after weighing the following considerations:

> "(1) whether the decision establishes a new principle of law that was not foreshadowed in prior decisions; (2) whether retroactive application of the decision promotes or retards the purpose behind the rule defined in the decision; and (3) whether retroactive application of the decision causes in inequitable result."

**{¶19}** *Id.* Further, prospective application "is justified only under exceptional circumstances . . ." *Id.* at 157.

**{¶20}** In this case, a weighing of the factors does not support a deviation from the general rule of retrospective application. The decision does not establish a new principle of law, as the trial court applied the plain language of the statute that has been in place since 2004. The trial court's decision furthers the policy purpose of preventing indefinite filings and obtaining finality in a civil action. Finally, retrospective application does not cause an inequitable result, as appellant had the opportunity to file her case twice and utilized the savings statute to re-file her case in October of 2010. This case does not constitute an "exceptional circumstance" warranting prospective-only application of the trial court's interpretation of R.C. 2305.19 and we default to the general rule that the trial court's interpretation be applied retrospectively.

**{¶21}** For the foregoing reasons, we find the trial court was correct in determining the instant matter is barred by the statute of limitations and dismissing the

complaint. We further find the trial court's interpretation of R.C. 2305.19 be applied retrospectively. Accordingly, appellant's assignment of error is overruled.

{¶22} The judgment of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. CRAIG R. BALDWIN

WSG:clw 0423

[Cite as *Wright v. Proctor-Donald*, 2013-Ohio-1973.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JANICE WRIGHT | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BEVERLY PROCTOR-DONALD, ESQ. | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2012-CA-00154 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. CRAIG R. BALDWIN