**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| MAHESH KHATRI | Case No. 2022-00768JD |
| Plaintiff | Judge Lisa L. Sadler |
| | Magistrate Robert Van Schoyck |
| v. | |
| | <u>DECISION</u> |
| THE OHIO STATE UNIVERSITY | |
| Defendant | |

{¶1} Plaintiff brings this action arising out of his former employment as a Research Scientist at Defendant's regional campus in Wooster, where he worked from 2008 until the termination of his employment on March 5, 2018. Plaintiff's amended complaint sets forth the following theories of recovery: (1) Civil Conspiracy; (2) "Ohio Common Law Tort Action – Wrongful denial of faculty positions and wrongful termination in violation of public policy"; (3) Conversion; (4) "Intellectual Theft"; (5) Unjust Enrichment; and, (6) "Lost Opportunities for Wrongful employment termination". Plaintiff has also requested determinations as to whether Dr. David Benfield, Dr. Yehia Mohamed Saif, Dr. Chang-Won Lee, Dr. Gireesh Rajashekara, Dr. Linda Saif, and Elayne Siegfried are entitled to personal immunity as state employees under R.C. 2743.02(F) and 9.86.

{¶2} On October 20, 2023, Plaintiff, Defendant, and Dr. Linda Saif filed motions for summary judgment pursuant to Civ.R. 56. The motions have been briefed and are now before the Court for a non-oral hearing pursuant to Civ.R. 56 and L.C.C.R. 4.

**Standard for Summary Judgment**

{¶3} Civ.R. 56(C) states, in part, as follows:

{¶4} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6, citing *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶5} "The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact." *Starner v. Onda*, 10th Dist. Franklin No. 22AP-599, 2023-Ohio-1955, ¶ 20, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). "The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations." *Id.* "Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.* "Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial." *Hinton v. Ohio Dept. of Youth Servs.*, 2022-Ohio-4783, 204 N.E.3d 1174, ¶ 17 (10th Dist.), citing *Dresher* at 293; *Vahila v. Hall*, 77 Ohio St.3d 421, 430, 674 N.E.2d 1164 (1997); Civ.R. 56(E).

**Analysis**

{¶6} Defendant argues that Plaintiff's claims were not timely filed under the statute of limitations applicable to the Court of Claims, R.C. 2743.16(A), which provides, in pertinent part:

> civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties.

{¶7} Plaintiff commenced this action on November 2, 2022, more than four years after the termination of his employment on March 5, 2018.  Plaintiff has separate theories as to how Claims One and Two of the Amended Complaint, and Claims Three through Six of the Amended Complaint, were nevertheless timely filed.

**Claims One and Two**

{¶8} Claims One and Two of the amended complaint, respectively, are for civil conspiracy and wrongful termination in violation of public policy.  Plaintiff states in the amended complaint that these claims "are timely by 28 U.S.C. 1367(d) and continuing violation doctrine."  (Amended Complaint, ¶ 2, fn. 1.)

{¶9} There is no dispute that Plaintiff initially filed an action against Defendant in this Court on August 28, 2018, which the Court dismissed without prejudice on November 20, 2018.  It is also undisputed that in December 2018, Plaintiff filed an action against Defendant and several individuals in the United States District Court for the Northern District of Ohio, which dismissed his claims without prejudice on February 12, 2021; the Sixth Circuit Court of Appeals affirmed the dismissal on January 25, 2022, and the Supreme Court of the United States declined Plaintiff's petition for a writ of certiorari on October 3, 2022.

{¶10} "28 U.S.C. 1367(d) * * * tolls the period of limitations for any state claim over which a federal court has supplemental jurisdiction if the claimant asserted the claim in a federal court case.  The period of limitations 'shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.' 28 U.S.C. 1367(d)."  *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d

483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 7.  However, "the tolling provision does not apply to claims filed in federal court against nonconsenting States."  *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 536, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002).

{¶11} As Plaintiff acknowledges in his amended complaint, Defendant is an instrumentality of the state of Ohio.  (Amended Complaint, ¶ 2-3.)  "The Sixth Circuit has repeatedly and consistently held that the State of Ohio has not consented to be sued for state law claims in federal court.  Rather, Ohio has consented to be sued in only one forum—the Ohio Court of Claims."  *Allen v. Oho Dept. of Job & Family Servs.*, 697 F.Supp.2d 854, 908 (S.D.Ohio 2010).  Accordingly, the tolling provision set forth in 28 U.S.C. 1367(d) does not apply.

{¶12} Nor were plaintiff's claims tolled by the continuing violation doctrine.  Courts have been reluctant to apply the continuing violation doctrine outside the context of Title VII of the Civil Rights Act of 1964, and Plaintiff has identified no authority extending the doctrine to any cause of action raised in his amended complaint.  *See Marok v. Ohio State Univ.*, 10th Dist. Franklin No. 13AP-12, 2014-Ohio-1184, ¶ 26; *Cooper v. W. Carrollton*, 2018-Ohio-2547, 112 N.E.3d 477, ¶ 39-44 (2d Dist.).

{¶13} In addition to the theories raised in his amended complaint as to the timeliness of the claims for civil conspiracy and wrongful termination in violation of public policy, Plaintiff now raises an additional argument that these claims were rendered timely by operation of the Ohio saving statute, R.C. 2305.19(A), which states as follows:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

{¶14} As stated earlier, following the termination of his employment on March 5, 2018, Plaintiff filed his first action against Defendant challenging the termination of his employment in this Court on August 28, 2018, which was dismissed without prejudice on November 20, 2018.  Plaintiff filed a second action against Defendant challenging the termination of his employment in federal court in December 2018, and after it too was

dismissed without prejudice Plaintiff exhausted all appeals on October 3, 2022. Plaintiff filed a third action against Defendant challenging the termination of his employment in this Court on November 2, 2022. There is no dispute that in each action Plaintiff has claimed that Defendant wrongfully terminated his employment in retaliation for his reporting of alleged biological hazards in the workplace.

{¶15} Whether or not Plaintiff filed the second action within the period of the original applicable statute of limitations, courts have held that "the refiled complaint is considered to be filed through the invocation of R.C. 2305.19." *Rector v. Dorsey*, 8th Dist. Cuyahoga No. 109835, 2021-Ohio-2675, ¶ 9, *appeal not accepted* 165 Ohio St.3d 1479, 2021-Ohio-4289, 177 N.E.3d 994; *see also Owens College Nursing Students v. Owens State Community College*, 6th Dist. Wood No. WD-14-012, 2014-Ohio-5210, ¶ 28; *Wright v. Proctor-Donald*, 5th Dist. Stark No. 2012-CA-00154, 2013-Ohio-1973, ¶ 14; *but see McCullough v. Bennett*, 2022-Ohio-1880, 190 N.E.3d 126, ¶ 37 (2d Dist.), *appeal accepted* 168 Ohio St.3d 1414, 2022-Ohio-3636, 196 N.E.3d 840. Plaintiff cannot again invoke the saving statute to render timely this third action against Defendant challenging the termination of his employment. *See Rector* at ¶ 10; *Moore v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 10AP-732, 2011-Ohio-1607, ¶ 20 ("It is axiomatic that the savings statute may be used only once to re-file a case.").

{¶16} Accordingly, judgment shall be granted in Defendant's favor on Claims One and Two.

**Claims Three through Six**

{¶17} Claims Three through Six of the amended complaint, respectively, are styled as claims for conversion, "Intellectual Theft", unjust enrichment, and "Lost Opportunities for Wrongful employment termination". In contrast to his arguments about Claims One and Two being rendered timely only by operation of statute or the continuing violation doctrine, Plaintiff argues in conclusory fashion that these claims were filed "well within the two-year statute of limitations set forth in R.C. 2743.16." (Plaintiff's Motion for Summary Judgment, p. 4; Plaintiff's Response to Defendant's Motion for Summary Judgment, pp. 4-6.)

{¶18} It is evident from the face of the amended complaint, however, that these theories of relief arise, at least in part, out of acts or omissions on the part of Defendant that took place during his former employment with Defendant, which ended more than four years before he commenced this action.  For example, Plaintiff alleges for the conversion claim that one or more employees of Defendant "terminated his employment so that Plaintiff could not compete with her group and deprived Plaintiff from using his cell line to do research and develop vaccines and diagnostics against viral agents." (Amended Complaint, ¶ 104.)  Similarly, for the theory of "Intellectual Theft", Plaintiff alleges that one or employees of Defendant conspired to "wrongfully terminate Plaintiff's employment in March 2018 so that she and her group could take Plaintiff's research and Plaintiff is not able to compete with her group for grants and patents."  (*Id.* at ¶ 112.) Plaintiff complains for his unjust enrichment claim that he "did not receive any support from [Defendant] for his research" and that "[Defendant] got rich" from grant funds that he brought in while he "was kept as a slave and was forced to pay his modest salary from his own grants." (*Id.* at ¶ 122-123.)  And, for the theory of "Lost Opportunities for Wrongful employment termination", Plaintiff again complains that Defendant "did not pay Plaintiff's salary or support his research" and that he was "wrongfully terminated in March, 2018." (*Id.* at ¶ 128-129.)

{¶19} Plaintiff does not point to specific facts that would support the conclusion that these claims were timely filed.  Upon review, to the extent that it is apparent from the amended complaint that Claims Three through Six arise from acts or omissions occurring more than two years before the commencement of this action on November 2, 2022, any such claims are barred by the statute of limitations (R.C. 2743.16(A)).

{¶20} Defendant also argues that even if they were timely filed, Claims Three through Six of the amended complaint fail as a matter of law.

{¶21} Defendant first asserts that neither "Intellectual Theft" nor "Lost Opportunities for Wrongful employment termination" are causes of action recognized under Ohio law. Plaintiff offers no argument or authority to the contrary and concedes that these claims sound in other theories of relief enumerated elsewhere in the amended complaint, specifically conversion and wrongful termination in violation of public policy.  (Response to Defendant's MSJ, pp. 9, 11.)  Upon review, it can only be concluded that no recovery

may be had for the claims of "Intellectual Theft" and "Lost Opportunities for Wrongful employment termination" given that these are not independent claims for relief under Ohio law and the underlying allegations are subsumed under other enumerated theories of relief.

{¶22} Defendant further asserts that the claims of conversion and unjust enrichment are predicated on allegations that Defendant wrongfully converted or was unjustly enriched by intellectual property that Plaintiff helped develop in the course of his research for Defendant. Defendant asserts that Plaintiff cannot obtain relief on these claims as a matter of law because Defendant owns any intellectual property that he assisted in creating pursuant to R.C. 3345.14(B), which states:

> All rights to and interests in discoveries, inventions, or patents which result from research or investigation conducted in any experiment station, bureau, laboratory, research facility, or other facility of any state college or university, or by employees of any state college or university acting within the scope of their employment or with funding, equipment, or infrastructure provided by or through any state college or university, shall be the sole property of that college or university. No person, firm, association, corporation, or governmental agency which uses the facilities of such college or university in connection with such research or investigation and no faculty member, employee, or student of such college or university participating in or making such discoveries or inventions, shall have any rights to or interests in such discoveries or inventions, including income therefrom, except as may, by determination of the board of trustees of such college or university, be assigned, licensed, transferred, or paid to such persons or entities in accordance with division (C) of this section or in accordance with rules adopted under division (D) of this section.

{¶23} Plaintiff claims that Defendant converted or was unjustly enriched by intellectual property that allegedly resulted from research that he conducted in a laboratory or other facility of a state university within the scope of his employment there as a research scientist. By the plain language of R.C. 3345.14(B), all rights and interest to such intellectual property belong solely to Defendant. Plaintiff argues that "[e]ven

assuming that OSU owns Plaintiff's cell line, Plaintiff is entitled to receive his share of royalties." (Response to Defendant's MSJ, p. 9.)  But the lone authority Plaintiff cites in support is Ohio Adm.Code 3349-20-50, which pertains to Northeast Ohio Medical University, not Defendant.  Therefore, reasonable minds can only conclude that no recovery may be had on Plaintiff's claims of conversion or unjust enrichment.

{¶24} Accordingly, judgment shall be granted in Defendant's favor on Claims Three through Six.

**Immunity Determinations**

{¶25} On December 9, 2022, Plaintiff filed a motion pursuant to L.C.C.R. 4.1 requesting a determination as to whether Dr. David Benfield, Dr. Yehia Mohamed Saif, Dr. Chang-Won Lee, Dr. Gireesh Rajashekara, Dr. Linda Saif, and Elayne Siegfried are entitled to personal immunity as state employees under R.C. 2743.02(F) and 9.86.  The motion was subsequently granted such that the immunity issues were to be determined with the merits of the case.

{¶26} Defendant and Dr. Linda Saif argue that Plaintiff is not entitled to an immunity determination for several reasons, including that the request for the immunity determination is time-barred and moot.

{¶27} R.C. Chapter 2743 "provides a limited waiver of the state's immunity, thus offering the statutory right to file an action against the state under certain circumstances. One such circumstance is set out in R.C. 2743.02(F) * * *."  *Taylor v. Ohio State Univ.*, 10th Dist. Franklin No. 94API11-1639, 1995 Ohio App. LEXIS 1910, *5 (May 11, 1995). R.C. 2743.02(F) provides, in pertinent part:

> A civil action against an officer or employee, as defined in section 109.36 of
> the Revised Code, that alleges that the officer's or employee's conduct was
> manifestly outside the scope of the officer's or employee's employment or
> official responsibilities, or that the officer or employee acted with malicious
> purpose, in bad faith, or in a wanton or reckless manner shall first be filed
> against the state in the court of claims that has exclusive, original jurisdiction
> to determine, initially, whether the officer or employee is entitled to personal

immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. * * *

{¶28} According to R.C. 2743.16(A), "civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action * * *."

{¶29} There is no dispute that Plaintiff's employment with Defendant ended on March 5, 2018, and it was more than four years later when Plaintiff filed this action against the state and requested an immunity determination under R.C. 2743.02(F). In *Liebling v. Columbus State Community College*, 10th Dist. Franklin No. 14AP-172, 2014-Ohio-3256, however, the Tenth District Court of Appeals held that even though an action was filed more than two years later than the underlying events and the claims against the state were dismissed as untimely, the Court of Claims was still required to make an immunity determination pursuant to R.C. 2743.02(F) where "the statute of limitations has not run as to the claims against the * * * employees if they were acting outside of the scope of their employment." *Id.* at ¶ 4.

{¶30} It is not clear which claims Plaintiff seeks to bring against the individuals at issue in this case, but as previously explained the amended complaint essentially identifies four theories of relief recognized under Ohio law: wrongful termination in violation of public policy, conspiracy, conversion, and unjust enrichment.

{¶31} For claims of wrongful termination in violation of public policy, the limitations period is, at most, four years. *Walker v. Nationwide Mut. Ins. Co.*, 10th Dist. Franklin No. 15AP-520, 2015-Ohio-5371, ¶ 5, citing *Pytlinski v. Brocar Prods.*, 94 Ohio St.3d 77, 80, 760 N.E.2d 385 (2002). While R.C. 2743.02(F) states, in part, that "[t]he filing of a claim against an officer or employee under this division tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code", given that Plaintiff initiated this action more than four years after the termination of his employment, the statute of limitations has run as to any potential claim for wrongful termination in violation of public policy against the individuals for whom he seeks an immunity determination. Therefore, plaintiff has no claim for wrongful termination in violation of public policy

against the individuals for which the Court would have authority to decide an immunity question.

{¶32} With respect to the claims of both conversion and unjust enrichment, the Court previously concluded that relief cannot be sustained on such claims inasmuch as the intellectual property in question does not belong to Plaintiff as a matter of law. *See* R.C. 3345.14(B).

{¶33} Finally, "[a] civil conspiracy can only exist when two or more defendants have committed an underlying tort against the plaintiff: '[I]f all of the substantive claims underlying the conspiracy are without merit, the conspiracy claim must also fail.'" *Morris v. Broska*, 11th Dist. Portage No. 2018-P-0086, 2019-Ohio-2510, ¶ 29, quoting *Lanzer v. Louisville*, 2016-Ohio-8071, 75 N.E.3d 752, ¶ 47 (5th Dist.). For the reasons previously explained, Plaintiff has no actionable tort claims underlying any alleged conspiracy between Defendant and the individuals for whom he seeks an immunity determination.

{¶34} Given that Plaintiff has no claims for relief arising under state law against the individuals for whom he seeks an immunity determination, the Court has no basis upon which to conduct an immunity determination. *See Miracle v. Ohio Dept. of Veterans Servs.*, 157 Ohio St.3d 413, 2019-Ohio-3308, 137 N.E.3d 1110, ¶ 30 ("Given our conclusion that Miracle failed to state any wrongful-discharge claim arising under state law, the Court of Claims has no basis upon which to conduct an immunity determination.").

{¶35} Accordingly, the request for immunity determinations is moot.

**Conclusion**

{¶36} Based upon the foregoing the Court concludes that there are no genuine issues of material fact, that Defendant is entitled to judgment as a matter of law, and that the Court has no basis upon which to conduct an immunity determination. Accordingly, Defendant and Dr. Linda Saif's Motions for Summary Judgment shall be granted such

that judgment shall be rendered in favor of Defendant and the request for an immunity determination shall be dismissed.  Plaintiff's Motion for Summary Judgment shall be denied.


LISA L. SADLER
Judge

**[Cite as *Khatri v. Ohio State Univ.*, 2024-Ohio-563.]**

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| MAHESH KHATRI | Case No. 2022-00768JD |
| Plaintiff | Judge Lisa L. Sadler |
| | Magistrate Robert Van Schoyck |
| v. | |
| | <u>JUDGMENT ENTRY</u> |
| THE OHIO STATE UNIVERSITY | |
| Defendant | |

{¶37} A non-oral hearing was conducted in this case upon the Motions for Summary Judgment filed by Plaintiff, Defendant, and Dr. Linda Saif. For the reasons set forth in the decision filed concurrently herewith, the Court concludes that there are no genuine issues of material fact, that Defendant is entitled to judgment as a matter of law, and that the Court has no basis upon which to conduct an immunity determination. As a result, Defendant and Dr. Saif's Motions for Summary Judgment are GRANTED such that judgment is hereby rendered in favor of Defendant and Plaintiff's request for an immunity determination is DISMISSED. Plaintiff's Motion for Summary Judgment is DENIED. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


LISA L. SADLER
Judge

**Filed January 12, 2024**
**Sent to S.C. Reporter 2/15/24**