[Cite as *Owens College Nursing Students v. Owens State Community College*, 2014-Ohio-5210.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Owens College Nursing Students                Court of Appeals No. WD-14-012

      Appellants                                            Trial Court No. 12 CV 922

v.

Owens State Community College                **DECISION AND JUDGMENT**

      Appellee                                               Decided:  November 21, 2014

* * * * *

Rex H. Elliott, Charles H. Cooper, Jr., Barton R. Keyes, John P.
Petro and Josh L. Schoenberger, for appellants.

Mike DeWine, Ohio Attorney General, and Amy Nash Golian,
Assistant Attorney General, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Wood County Court of Common

Pleas, which granted appellee judgment on the pleadings in connection to appellants'

filing of a third complaint against appellee pursuant to the consumer sales practices act

("CSPA") arising from appellee's 2009 loss of accreditation of its two-year nursing program. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellants, a group of 47 students enrolled in appellee's nursing program during the relevant timeframe, set forth the following three assignments of error:

First Assignment of Error. THE TRIAL COURT ERRED WHEN IT GRANTED OWENS' MOTION FOR RECONSIDERATION, REVERSED ITS DECISION GRANTING PLAINTIFFS LEAVE TO AMEND THE COMPLAINT, AND STRUCK THE AMENDED COMPLAINT.

Second Assignment of Error. THE TRIAL COURT ERRED IN GRANTING JUDGMENT ON THE PLEADINGS WHEN THIS DECISION NECESSARILY INVOLVED CONSIDERATION OF MATTERS OUTSIDE THE PLEADINGS.

Third Assignment of Error. THE TRIAL COURT ERRED IN GRANTING APPELLEE OWENS STATE COMMUNITY COLLEGE JUDGMENT ON THE PLEADINGS BECAUSE APPELLANTS OWENS COLLEGE NURSING STUDENTS DID NOT USE THE OHIO SAVINGS STATUTE, R.C, 2305.19, MORE THAN ONCE.

{¶ 3} The following undisputed facts are relevant to this appeal. This case arises from the 2012 filing of a complaint by appellants against appellee including claims made

2.

pursuant to the CSPA in connection to the 2009 loss of accreditation from the National League for Nursing Accreditation Commission ("NLNAC") of appellee's two-year nursing program. The appellant group in the current case consists of 47 students enrolled in the affected program during the relevant period of time.

{¶ 4} For clarity, we note that the legal issues underpinning the instant appeal are substantively derived from procedural matters. R.C. 2305.19(A), Ohio's savings statute, which establishes the two sanctioned refiling options available to plaintiffs whose first case filing failed otherwise than upon the merits, controls the outcome of this case. Thus, our consideration and determination of this case does not encompass evaluation of the merits of appellants' CSPA claims against appellee, but rather is limited to the propriety of the subject filing.

{¶ 5} In 2007, appellee's nursing program was put on probation by NLNAC. As such, the accreditation of the program was being reviewed. Under these circumstances, the continuation of accreditation of the program was not a certainty. Ultimately, in 2009, appellee's nursing program lost NLNAC accreditation. The subject program offers a two-year associate's degree in nursing.

{¶ 6} On December 1, 2009, a group of nursing students enrolled in the affected nursing program filed suit against appellee in the Ohio Court of Claims setting forth claims made pursuant to the CSPA. However, the Ohio Court of Claims lacks jurisdiction for consideration of such claims. Accordingly, on February 24, 2010, the Ohio Court of Claims dismissed this first filing by appellants for lack of subject-matter

3.

jurisdiction. The court held in relevant part, "CSPA claims must be brought in the court of common pleas, and municipal or county court. See. R.C. 1345.04." Accordingly, appellants' first CSPA filing failed for reasons otherwise than upon the merits. This occurrence triggered by operation of law the applicability of Ohio's savings statute, R.C. 2305.19(A), upon any future refiling of the matter by appellants.

{¶ 7} R.C. 2305.19(A) establishes in relevant part, "[I]f the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits *or* within the period of the original applicable statute of limitations, whichever occurs later." (Emphasis added.)

{¶ 8} Significantly, R.C. 2305.19(A) enabled appellants to refile the first 2009 CSPA filing, which failed otherwise than upon the merits, either within one year of the February 24, 2010 dismissal by the Ohio Court of Claims otherwise than upon the merits or prior to September 28, 2011, the expiration of the original statute of limitations deadline.

{¶ 9} On August 19, 2010, appellants exercised the first refiling option and refiled the matter within one year after the first failure otherwise than upon the merits, which occurred on February 24, 2010. Although the refiling was initially done in Lucas County, not the proper venue, the case was timely transferred to Wood County, the proper venue, on January 24, 2011, still within one year of the first failure otherwise than

4.

upon the merits pursuant to R.C. 2305.19(A). Accordingly, appellants successfully refiled the case pursuant to R.C. 2305.19(A).

{¶ 10} On December 23, 2011, 42 of the 107 named plaintiffs in the refiling, voluntarily dismissed themselves from the refiled case. On January 4, 2012, the remaining 65 plaintiffs in the refiling likewise voluntarily dismissed themselves from the refiled case.

{¶ 11} On December 21, 2012, 93 of the 107 plaintiffs named in the second refiling of the CSPA claims against appellee refiled the CSPA claims for the third time against appellee. The third filing was made in the proper venue of Wood County. Subsequent to this third refiling, appellants filed a motion for leave to amend the complaint to include two more plaintiffs in the third refiling. The motion for leave to amend and add the two additional plaintiffs in the third filing was initially granted. Appellee then filed a motion for reconsideration of the granting of leave to amend. On March 19, 2013, the trial court granted appellee's motion for reconsideration, thereby denying the leave to amend to add two additional plaintiffs to the third complaint.

{¶ 12} During 2013, the litigation proceeded and discovery was conducted. During this time frame, 46 of the 93 named plaintiffs in the third complaint voluntarily dismissed themselves from the third filing. 46 of the 47 remaining plaintiffs were deposed by appellee. Following discovery, appellee filed for summary judgment.

{¶ 13} Notably, in their brief in opposition to summary judgment, appellants attached various supporting exhibits, including the first filing in the Ohio Court of Claims

5.

and the subsequent dismissal of that case otherwise than upon the merits. Consistently, in the course of their arguments, appellants stated to the court, "Plaintiffs originally filed their claims against Owens on December 1, 2009. The Court of Claims dismissed the CSPA claims for lack of subject matter jurisdiction on February 24, 2010. Plaintiffs first filed their complaints in the Court of Common Pleas within one year on January 24, 2011, so they complied with Ohio's savings statute."

{¶ 14} We first note both that appellants January 24, 2011 filing was the second filing of the matter, in contrast to the suggestion by the use of the word "first" by appellant in framing that filing. We further note that appellants acknowledged the applicability of the savings statute to the second filing, which was perfected upon transfer to the proper venue on January 24, 2011, and also acknowledged that the December 1, 2009 first filing of this case was later dismissed otherwise than upon the merits.

{¶ 15} On December 12, 2013, based upon the procedural history and timing of the three filings underlying this matter, the third of which occurred after both the later of one year after the first filing failed otherwise than upon the merits and the expiration of the original September 28, 2011, applicable statute of limitations, appellee filed a motion for judgment on the pleadings.

{¶ 16} In support, appellee asserted that the December 21, 2012 refiling was not permissible pursuant to R.C. 2305.19(A), as appellants had previously exercised their option to refile within one year of the February 24, 2010 failure of the first filing otherwise than upon the merits. On January 15, 2014, the trial court granted appellee's

6.

motion for judgment on the pleadings determining that appellants' attempted use of the savings statute for the third filing in 2012 was improper. This appeal ensued.

{¶ 17} We will first consider appellants' second and third assignments of error which are similarly based upon the contention that the trial court erred in granting appellee's motion for judgment on the pleadings.

{¶ 18} In appellants' second assignment of error, they contend that the trial court erred in granting appellee's motion for judgment on the pleadings. In support, they assert that the trial court improperly relied upon matters outside of the record to reach their decision. We are not persuaded.

{¶ 19} Contrary to appellants' assertions, we note that the record clearly encompasses the underlying documentation setting forth the history of the prior filings and the timing of the prior filings so as to enable the trial court to reach the disputed determination.

{¶ 20} For example, appellants' November 27, 2013 memorandum in opposition filed with the court attached copies of the original 2009 CSPA claims filed in the Ohio Court of Claims and copies of the subsequent dismissal of the case otherwise than upon the merits. In conjunction with this, appellants submitted an affidavit attesting to the truth and accuracy of those exhibits and attachments. These record materials reflect the first filing of the matter, thereby demonstrating the unavoidable use of one of the R.C. 2305.19(A) refiling methods in the subsequent 2010 refiling of the matter.

7.

**{¶ 21}** The plain language of R.C. 2305.19(A) directs that the refiling of the 2009 case dismissed otherwise than upon the merits could only be done prior to the later of either one year following the 2009 dismissal or prior to the September 28, 2011 expiration of the original applicable statute of limitations.

**{¶ 22}** As succinctly enumerated at ¶ 11 by the court in *Wright v. Proctor-Donald*, 5th Dist. Stark No. 2012-CA-0154, 2013-Ohio-1973, "Under the current version of the statute, a claim may be re-filed using the savings statute on the latter of the following timeframes: (1) within one year from the date of the reversal or failure other than on the merits or (2) within the period of the original applicable statute of limitations."

**{¶ 23}** Notably, appellants themselves concede the challenges underlying their contention that the refiling after a dismissal otherwise than upon the merits should nevertheless not be construed as triggering application of the savings statute. Appellants' brief on appeal to this court states, "Admittedly, the complaint states on its face this is a refiled action with reference to the prior trial court case."

**{¶ 24}** Appellants attempt to avoid the outcome of an R.C. 2305.19(A) application to the 2012 complaint. However, this approach does not comport with the record of evidence. Appellants' own memorandum in opposition unambiguously states, "Plaintiffs originally filed their claims against Owens on December 1, 2009. The Court of Claims dismissed the CSPA claims for lack of subject matter jurisdiction on February 24, 2010. Plaintiffs first filed the complaint in the Court of Common Pleas within one year on January 24, 2011, so they complied with Ohio's savings statute."

8.

{¶ 25} We concur that appellants did comply with the savings statute in the second filing, completed upon transfer to Lucas County January 24, 2011. Nevertheless, the record further reflects that by January 4, 2012, all plaintiffs had voluntarily dismissed the refiling. The record also reflects that the December 21, 2012 refiling by a portion of the plaintiffs was subsequent to two dismissals otherwise than upon the merits, not within one year of the dismissal of the 2009 filing, and not prior to the expiration of the September 28, 2011 original applicable statute of limitations.

{¶ 26} We find that appellants have failed to establish that the trial court improperly granted appellee's motion for judgment on the pleadings by consideration of matters outside of the pleadings. Wherefore, we find appellants' second assignment of error not well-taken.

{¶ 27} In appellants' third assignment of error, they similarly contend that the trial court erred in granting appellee's judgment on the pleadings by asserting that they did not improperly attempt to utilize Ohio's savings statute, R.C. 2305.19(A), a second time in their third filing of this matter on December 21, 2012. Appellants suggest that because their second filing on August 19, 2010, occurred prior to the expiration of the original statute of limitations on September 28, 2011, that somehow the second filing did not constitute usage of the savings statute. We are not persuaded.

{¶ 28} As discussed previously above, the language of R.C. 2305.19(A) unambiguously establishes that when an action fails otherwise than upon the merits the plaintiff may commence a new action either within one year of the date of the failure

9.

otherwise than upon the merits or within the original applicable statute of limitations. Appellants' suggested position would enable multiple filings pursuant to the savings statute. That runs contrary to both the statutory parameters and controlling caselaw.

{¶ 29} In reversing a trial court determination that the savings statute did not apply in a case where the original statute of limitations had not expired when the first refiling occurred, the Eighth District Court of Appeals unambiguously held that the applicable amended savings statute, "[P]ermits a party to refile an original action within one year after dismissal, or the time left under the statute of limitations, whichever is longer." *CapitalSource Bank Aeon Fin., L.L.C. v. Donshirs Dev. Corp.*, 8th Dist. Cuyahoga No. 99032, 2013-Ohio-1563, ¶ 20.

{¶ 30} Consistent with the savings statute analysis underpinning the reversal in *CapitalSource*, the plain language of the statute clearly refutes appellants' position. Appellants refiled on August 19, 2010, a matter that had failed otherwise than upon the merits on February 24, 2010. As such, appellants utilized the savings statute option permitting refiling within one year of the first failure otherwise than upon the merits and simultaneously foreclosed further refilings following potential additional dismissals otherwise than upon the merits regardless of whether done before or after the expiration of the original applicable statute of limitations. We find there is no basis under which the disputed December 21, 2012 filing can be construed other than an untimely filing and contrary to R.C. 2305.19(A). Wherefore, we find appellants' third assignment of error not well-taken.

10.

{¶ 31} In appellants' first assignment of error, they maintain that the trial court erred in granting appellee's motion for reconsideration thereby denying appellants leave to add two additional party plaintiffs to the 2012 filing underlying this case. Given our determination above that the 2012 filing fails as a matter of law pursuant to R.C. 2305.19(A), we find that this thereby likewise renders appellants' first assignment of error not well-taken.

{¶ 32} Wherefore, the judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
                                                        JUDGE
Arlene Singer, J. _____

_____
Thomas J. Osowik, J. _____                       JUDGE
CONCUR.

_____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.