[Cite as *McCullough v. Bennett*, 2022-Ohio-1880.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| RYAN MCCULLOUGH | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29390 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-4163 |
| | : | |
| JOSEPH E. BENNETT | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of June, 2022.

. . . . . . . . . . .

ROBERT L. GRESHAM, Atty. Reg. No. 0082151, 130 West Second Street, Suite 1600, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant

JONATHON L. BECK, Atty. Reg. No. 0076709 & ANTHONY V. GRABER, Atty. Reg. No. 0095691, 130 West Second Street, Suite 1500, Dayton, Ohio 45402
      Attorneys for Defendant-Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Ryan McCullough appeals from the trial court's judgment entry dismissing his refiled personal-injury complaint against appellee Joseph E. Bennett based on the expiration of the applicable statute of limitations.

{¶ 2} McCullough contends the trial court erred in finding the statute of limitations had expired where Ohio's savings statute, R.C. 2305.19, applied and extended the time for refiling the complaint.

{¶ 3} We agree that McCullough's refiled complaint met the requirements of the savings statute and that he refiled within the time required thereunder. Accordingly, we will reverse the trial court's judgment and remand for further proceedings.

### I. Factual and Procedural Background

{¶ 4} McCullough's complaint stems from an April 27, 2017 automobile accident in which Bennett allegedly ran a red light and hit McCullough's vehicle. The parties agree that McCullough's claims are governed by a two-year statute of limitations. The complaint underlying this appeal is McCullough's third against Bennett related to the accident. The first complaint was filed on January 15, 2018 in Montgomery C.P. No. 2018-CV-203. The trial court dismissed the complaint without prejudice on February 28, 2018 for failure to prosecute. McCullough refiled his complaint on June 27, 2018 in Montgomery C.P. No. 2018-CV-2944. The trial court again dismissed the complaint without prejudice on November 27, 2018 for failure to prosecute. The November 27, 2018 dismissal occurred

prior to the statute of limitations expiring on April 27, 2019.[1]

{¶ 5} McCullough filed his third complaint on September 12, 2019, which was more than four months after expiration of the two-year limitations period. After certified-mail service was returned "unclaimed," McCullough served Bennett via ordinary mail. McCullough subsequently obtained a default judgment after Bennett failed to answer or otherwise respond. The trial court took evidence on damages and entered final judgment for McCullough on March 18, 2020. Thereafter, on August 30, 2021, Bennett obtained relief from judgment under Civ.R. 60(B) upon establishing that he had not resided at the address where service was perfected. McCullough then promptly served Bennett at an address in Indiana.

{¶ 6} On October 4, 2021, Bennett moved for dismissal under Civ.R. 12(B)(6). He argued that McCullough failed to state a claim because the two-year statute of limitations expired before the third complaint was filed. Bennett further argued that the savings statute could not apply because the first two complaints had been dismissed prior to expiration of the statute of limitations. Bennett cited case law for the proposition that the savings statute has no applicability unless an action is timely commenced and later dismissed without prejudice *after* the statute of limitations has expired. Because the two-

---

[1] Although Case Nos. 2018-CV-203 and 2018-CV-2944 are not part of the record in this appeal, the parties and the trial court cited and discussed those cases in the proceedings below. We note too that the filings in both prior cases are accessible via the Montgomery County Common Pleas Court's online docket. We have recognized that "it is a common practice for appellate courts to take judicial notice of publically accessible online court dockets." *State v. Estridge*, 2d Dist. Miami No. 2021-CA-25, 2022-Ohio-208, ¶ 12, fn. 1. Given that the parties and the trial court considered the record in Case Nos. 2018-CV-203 and 2018-CV-2944, we find it appropriate for us to do likewise to the extent necessary to analyze the savings statute's applicability.

year statute of limitations had not expired when McCullough's second complaint was dismissed, Bennett argued that the savings statute did not apply and that the third complaint was required to be filed by April 27, 2019. Given that McCullough did not file the third complaint until September 12, 2019, Bennett argued that it was time barred and, therefore, failed to state a claim.

{¶ 7} In opposition to the motion to dismiss, McCullough argued that a May 2004 amendment to the savings statute rendered obsolete the case law cited by Bennett. McCullough asserted that, as amended, the savings statute permitted him to refile his complaint within one year after his failure otherwise than on the merits or within the period of the original statute of limitations, "whichever is later." Because the trial court dismissed the second complaint without prejudice on November 27, 2018, McCullough claimed he had until November 27, 2019, to refile. Therefore, he maintained that his third complaint was timely.

{¶ 8} In his reply brief, Bennett ignored McCullough's argument and raised a new issue. Bennett claimed the savings statute did not apply for another reason, namely that the trial court's dismissal of the second complaint was not "otherwise than upon the merits." To the contrary, Bennett argued that the dismissal of the second complaint operated as an adjudication on the merits. That being so, he maintained that the savings statute had no applicability, as it extends the time for refiling only when a prior complaint is not dismissed on the merits. After obtaining leave to file a sur-reply to address this new argument, McCullough insisted that the dismissal of his second complaint was otherwise than on the merits. Therefore, he argued that the savings statute did apply.

{¶ 9} In a January 25, 2022 ruling, the trial court sustained Bennett's motion to dismiss. It agreed with Bennett's initial argument that the savings statute has no applicability unless a prior action is timely commenced and then dismissed *after* the statute of limitations has expired. Given that the statute of limitations had not expired when McCullough's second complaint was dismissed, the trial court found that the savings statute did not apply to extend the time for filing his third complaint. In essence, the trial court found that McCullough had no need to be "saved" because he simply could have filed his third complaint before the statute of limitations expired. McCullough timely appealed from the trial court's dismissal of his third complaint.

## II. Analysis

{¶ 10} In his sole assignment of error, McCullough challenges the trial court's determination that the savings statute did not apply because the statute of limitations had not expired when his second complaint was dismissed. He reiterates his argument that the statute, as amended in May 2004, allows refiling of a complaint within one year after "the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." R.C. 2305.19. McCullough contends his second complaint was dismissed otherwise than upon the merits on November 27, 2018. Therefore, the savings statute gave him until November 27, 2019 to file his third complaint, making his refiled third complaint timely.

{¶ 11} Bennett advances three arguments in opposition. As he did below, he argues (1) that the savings statute did not apply because the two-year statute of limitations had not expired when McCullough's second complaint was dismissed and (2)

that McCullough's second complaint was dismissed on the merits, not "otherwise than upon the merits," rendering the savings statute inapplicable. Bennett also raises a third argument that he did not assert below. Assuming, arguendo, that the second complaint was dismissed otherwise than upon the merits, Bennett contends the second action was never "commenced" under Civ.R. 3(A), making the savings statute inapplicable to the third complaint.

{¶ 12} We review de novo the trial court's dismissal of McCullough's third complaint on statute-of-limitations grounds under Civ.R. 12(B)(6). *Auckerman v. Rogers*, 2d Dist. Greene No. 2011-CA-23, 2012-Ohio-23, ¶ 9. The parties agree that the applicable limitations period is two years and that McCullough filed the third complaint beyond that time. McCullough also does not dispute Bennett's ability to raise the statute of limitations in a Civ.R. 12(B)(6) motion. *See Gessner v. Vore*, 2d Dist. Montgomery No. 22297, 2008-Ohio-3870, ¶ 13 (recognizing that a statute-of-limitations defense may be raised under Civ.R. 12(B)(6) where the face of the complaint demonstrates the violation). As set forth above, the only issue is whether the trial court erred in finding the savings statute inapplicable.

{¶ 13} Upon review, we conclude that the trial court did err and that the savings statute does apply. The savings statute provides:

(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new

action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

R.C. 2305.19(A).

{¶ 14} When an action fails otherwise than upon the merits, the statute permits filing a new action "within one year after * * * the plaintiff's failure otherwise than upon the merits or within the original applicable statute of limitations, whichever occurs later." Prior to its May 2004 amendment, R.C. 2305.19 granted a plaintiff an additional year to refile an action "only if dismissal occurred *after* the original statute of limitations had run." *Eppley v. Tri-Valley Local School Dist. Bd. of Edn*., 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, ¶ 8. "Sometimes referred to as the 'malpractice trap,' this meant that a plaintiff whose case had been dismissed without prejudice before the original statute of limitations had run was required to refile the action within the original statutory time, regardless of how much time was left." *Id*. But "[t]he General Assembly amended the general saving statute in 2004, closing the malpractice trap and permitting a plaintiff to refile within one year after dismissal or within the time remaining under the statute of limitations, whichever is longer." (Emphasis added). *Id*. at ¶ 9. By its terms, the savings statute's applicability no longer depends on expiration of the statute of limitations given that it allows a plaintiff to refile up to one year after dismissal of the action or within the time remaining under the limitations period.

{¶ 15} Indeed, following the 2004 amendment to R.C. 2305.19, courts have

recognized that an action no longer must be dismissed after expiration of the statute of limitations for the savings statute to apply. As the Sixth District Court of Appeals has explained:

> The legislature enacted the March 2, 2004 amendment of R.C. 2305.19 for one purpose. The prior version of the statute was available only to plaintiffs whose statute of limitations had run. Therefore, the legislature believed that under the pre-amendment version the saving statute arguably treated "similarly situated plaintiffs" differently. 4 Anderson, Ohio Civil Practice (2004) 148.13, citing Bill Analysis of Sub. H.B. 161, 125th General Assembly. This belief is predicated upon the fact that a plaintiff who filed a Civ.R. 41(A)(1) dismissal of a claim without prejudice would have one year to refile, while a plaintiff who dismissed a claim before the statute ran would possibly have only one or two days to refile. * * *

*Dargart v. Ohio Dept. of Transp.*, 171 Ohio App.3d 439, 2006-Ohio-6179, 871 N.E.2d 608, ¶ 20 (6th Dist.); *see also CapitalSource Bank FBO Aeon Fin., L.L.C. v. Donshirs Dev. Corp.*, 8th Dist. Cuyahoga No. 99032, 2013-Ohio-1563, ¶ 18-20 (observing that the amended version of the savings statute does not distinguish between actions dismissed before and after expiration of the statute of limitations); *Owens College Nursing Students v. Owens State Community College*, 6th Dist. Wood No. WD-14-012, 2014-Ohio-5210, ¶ 28-30; *Wright v. Proctor-Donald*, 5th Dist. Stark No. 2012-CA-00154, 2013-Ohio-1973, ¶ 10-11.

{¶ 16} Although Bennett cites cases stating that the savings statute only applies

where a prior action was dismissed after expiration of the statute of limitations, the cases he cites either predate the 2004 amendment or rely on case law predating the amendment. For its part, the trial court observed that the Ohio Supreme Court has not overruled *Reese v. Ohio State Univ. Hosp.*, 6 Ohio St.3d 162, 451 N.E.2d 1196 (1993), which declared that "R.C. 2305.19 can have no application unless an action was timely commenced, was dismissed without prejudice, and the applicable statute of limitations had expired by the time of such dismissal." *Id.* at 163. The fact that *Reese* was never overruled is immaterial, however, because it addressed a different version of the statute. Contrary to the trial court's ruling, we hold that the current version of the savings statute was not rendered inapplicable by the fact that the statute of limitations had not expired when McCullough's second complaint was dismissed.

{¶ 17} We are equally unpersuaded by Bennett's contention that the second complaint was dismissed on the merits, not "otherwise than upon the merits," rendering the savings statute inapplicable. The trial court's dismissal order in Case No. 2018-CV-2944 stated:

> The Court having, on its own motion, pursuant to Civil Rule 41(B)(1) and Local Rule 2.15, sent notice to Plaintiff's counsel that this case would be dismissed within fourteen days of said notice for want of prosecution unless cause was shown as to why this case should not be dismissed, and fourteen days having expired with no such cause having been shown, this matter is hereby DISMISSED for want of prosecution, all without prejudice to a new action.

November 27, 2018 Order of Dismissal.

{¶ 18} Bennett cites Civ.R. 41(B)(3), which provides that "a dismissal under division (B) of this rule * * * operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." He notes the absence of language in the November 27, 2018 dismissal entry specifying that the second action was dismissed "otherwise than upon the merits." Therefore, he reasons that the second action was dismissed on the merits, making the savings statute inapplicable to McCullough's third action.

{¶ 19} Bennett's argument lacks merit. The November 27, 2018 dismissal entry states that the second action was dismissed "without prejudice to a new action." The Ohio Supreme Court explicitly has identified a dismissal "without prejudice" as a failure "other than on the merits." *Moore v. Mt. Carmel Health Sys.*, 162 Ohio St.3d 106, 2020-Ohio-4113, 164 N.E.3d 376, ¶ 36; *see also Chadwick v. Barba Lou, Inc.*, 69 Ohio St.2d 222, 226, 431 N.E.2d 660 (1982) ("That dismissal 'without prejudice' is one 'otherwise than upon the merits' not only accords with what can reasonably be assumed to have been the understanding of the court and the parties, but also is consistent with the interpretation given the phrase generally."); *In the Matter of T.C.*, 11th Dist. Ashtabula No. 2018-A-0090, 2019-Ohio-2287, ¶34 (recognizing that a dismissal "without prejudice" under Civ.R. 41 is "otherwise than on the merits").

{¶ 20} In a final argument in support of the trial court's ruling, Bennett reasons that if the second action was dismissed for failure to prosecute based on a failure of service, then the second action never was "commenced" under Civ.R. 3(A). Bennett maintains

that the savings statute cannot apply to the third complaint if McCullough's second action was never "commenced."

{¶ 21} The foregoing argument fails for at least two reasons. As Bennett himself notes, the trial court expressly found in Case No. 2018-CV-2944 that McCullough had perfected service of the second complaint. In a November 7, 2018 notice in Case No. 2018-CV-2944, the trial court recognized "that service has been perfected on defendant" and directed McCullough either to initiate default proceedings or to state why such proceedings were inappropriate. The trial court then dismissed the second action on November 27, 2018 for failure to prosecute based on McCullough's non-response to the notice, not based on a lack of service.

{¶ 22} But Bennett's argument would be unpersuasive even if service of the second complaint was not actually perfected prior to the trial court's dismissal of it.[2] Bennett cites the Ohio Supreme Court's decision in *Moore*, 162 Ohio St.3d 106, 2020-Ohio-4113, 164 N.E.3d 376. The plaintiff in *Moore* filed a malpractice complaint against a doctor and two other defendants one day before the statute of limitations expired. *Id.* at ¶ 4. The plaintiff failed to obtain service on the doctor during the following year, as required by Civ.R. 3(A). *Id.* at ¶ 5. More than a year and a half later, all three defendants

---

[2] The record reflects that McCullough unsuccessfully attempted to serve his second complaint at the same bad address that led to the trial court's granting Bennett Civ.R. 60(B) relief in the present case. The trial court ultimately allowed McCullough to obtain service of the second complaint by publication. As noted above, it later dismissed the second complaint without prejudice for failure to prosecute after McCullough failed to move for a default judgment. Thus, although the record in the second case reflects completed service by publication, it seems likely that Bennett, who lived in Indiana at the time, never actually received notice of the second action. He did not obtain Civ.R. 60(B) relief in that case, however, because the trial court dismissed it first.

moved for summary judgment, raising a statute-of-limitations defense based on the plaintiff's failure to serve the doctor and a resulting lack of vicarious liability. The following month, the plaintiff sought and obtained service on the doctor. Nevertheless, the trial court sustained the summary-judgment motion based on the statute of limitations having expired. The Tenth District Court of Appeals reversed, finding that the savings statute applied to the plaintiff's claim against the doctor.

{¶ 23} The Ohio Supreme Court reversed the Tenth District, finding the savings statute inapplicable. The majority noted that the statute "applies only when its terms are met: when an action is commenced or attempted to be commenced; when a judgment is reversed or an action fails other than on the merits, that is, when there is either a voluntary dismissal without prejudice under Civ.R. 41(A) or an involuntary dismissal without prejudice under Civ.R. 41(B); and when the complaint is refiled within one year." *Id.* at ¶ 5. The majority reasoned that the plaintiff never commenced an action within the statute-of-limitations period because he did not obtain service within one year of filing his complaint. *Id.* at ¶ 18. Although the plaintiff attempted to commence his action (by filing a complaint and seeking service on the doctor), the majority held that the savings statute still did not apply because the action did not fail "otherwise than on the merits" (by being dismissed without prejudice) and because it was not "refiled." *Id.* at ¶ 36. Instead, the plaintiff's complaint remained pending on the docket when the statute of limitations expired and was vulnerable to the defendants' statute of limitations defense, which disposed of the case on the merits. *Id.* at ¶ 19, 29.

{¶ 24} Notably, the *Moore* majority distinguished *Thomas v. Freeman*, 79 Ohio

St.3d 221, 680 N.E.2d 997 (1997), in which the savings statute was found applicable where "there was an attempt to commence the action (the filing of the complaint and a request for service), the action was dismissed other than on the merits prior to the running of Civ. R. 3(A)'s commencement period, and a new action was filed." *Moore* at ¶ 29.

{¶ 25} The facts in the present case align more closely with *Thomas* than *Moore*. McCullough filed his second complaint on June 27, 2018 and attempted service. As noted above, the trial court dismissed the complaint on November 27, 2018, for failure to prosecute. This dismissal occurred within the one-year commencement period in Civ.R. 3(A), and it was without prejudice (otherwise than on the merits). Finally, McCullough filed his third complaint within one year of the dismissal as permitted by the current version of R.C. 2305.19(A). Under these circumstances, we reject Bennett's argument that the savings statute cannot apply if service of the second complaint was not perfected before the trial court dismissed it. The present case is distinguishable from *Moore*, upon which Bennett's argument relies.

{¶ 26} The foregoing analysis necessarily leads to a final issue that neither party has addressed. It concerns whether McCullough improperly attempted to use the savings statute for a second time when filing his third complaint.[3]

---

[3] We are compelled to consider this issue because if McCullough improperly used the savings statute a second time when he filed his third complaint, then we would be obligated to affirm the trial court's judgment. *See*, *e.g.*, *Verbillion v. Enon Sand and Gravel, LLC*, 2d Dist. Clark No. 2021-CA-1, 2021-Ohio-3850, ¶ 99 (recognizing the principle that an appellate court may affirm when a trial court reaches the correct result albeit for the wrong reason); *John A. Becker Co. v. Jedson Eng., Inc.*, 2018-Ohio-3924, 121 N.E.3d 788, ¶ 19 (2d Dist.) ("An appellate court may affirm based on different reasoning than found by a trial court, but an appellate court cannot disturb a judgment or order that is legally correct based on different reasoning.").

**{¶ 27}** The Ohio Supreme Court has held that the savings statute may be used only once to refile a case. *Thomas,* 79 Ohio St.3d 221, 227, 680 N.E.2d 997. When *Thomas* was decided, however, the version of the savings statute then in effect only applied if an action were timely commenced and later dismissed *after* expiration of the statute of limitations.[4] The purpose of the savings statute was "to give a plaintiff a limited period of time in which to refile a dismissed claim *that would be otherwise time-barred.*" (Emphasis added.) *Internatl. Periodical Distribs. v. Bizmart, Inc.*, 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, ¶ 7. In this context, limiting a plaintiff to relying on the saving statute once logically makes sense.

**{¶ 28}** Indeed, when a timely filed action is dismissed *after* expiration of the statute of limitations, any subsequently refiled action, by definition, is not filed within the statute of limitations. The refiled action thus must be brought within the one-year grace period provided by the savings statute. But because *that refiled action* is not brought within the statute of limitations, it cannot serve as a basis for a second refiling under the savings statute if it is dismissed. This is so because the savings statute's applicability, both before and after the 2004 amendment, requires a timely filed action that later is dismissed. If the rule were otherwise, a plaintiff theoretically might keep an action alive indefinitely by repeatedly dismissing and refiling within one year of each dismissal, regardless of how

---

[4] This version of the savings statute in effect prior to May 2004 provided: "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, *and the time limited for the commencement of such action at the date of reversal or failure has expired*, the plaintiff * * * may commence a new action within one year after such date." (Emphasis added.) As set forth above, the version of R.C. 2305.19 that took effect in May 2004 allows refiling of a complaint within one year after "the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."

long ago the statute of limitations expired. Thus, concerns about subjecting a defendant to continued exposure through repeated re-filings led to a rule that the savings statute may be invoked only once. *See, e.g., Thomas* at 227.

{¶ 29} The present case presents a different scenario. McCullough's first complaint was filed on January 15, 2018 and dismissed without prejudice on February 28, 2018. He refiled his complaint on June 27, 2018, which was *prior to* the April 27, 2019 expiration of the statute of limitations. Although the current version of the savings statute authorized McCullough to file his second complaint within one year of the first dismissal, it did not "save" him from anything, insofar as he remained within the statute of limitations. The trial court then dismissed the second complaint without prejudice on November 27, 2018, which again was *prior to* expiration of the statute of limitations. McCullough subsequently filed his third complaint (which is the present action) on September 12, 2019, more than four months *after* expiration of the two-year limitations period.

{¶ 30} The first issue this timeline presents is whether McCullough "used" the savings statute when he filed his second complaint on June 27, 2018. We conclude that he did not. Admittedly, R.C. 2305.19 addressed McCullough's situation insofar it authorized him to file his second complaint within the original statute of limitations or within one year of the first complaint's dismissal, whichever was later. But "using" the savings statute implies taking advantage of some right, benefit, or opportunity that the statute provides. Prior to the 2004 amendment, plaintiffs plainly used the statute by refiling complaints beyond the original statute of limitations.

{¶ 31} In the present case, however, McCullough's second filing, which occurred

within the statute of limitations, did not take advantage of any right, benefit, or opportunity created by the savings statute. Indeed, McCullough *already* was authorized to file his second complaint by virtue of (1) the first complaint being dismissed without prejudice and (2) the original statute of limitations not expiring. Insofar as McCullough refiled his second complaint within the statute of limitations, R.C. 2305.19 simply recognized his ability to exercise a right that already existed.

{¶ 32} Even if the savings statute did not exist, McCullough was capable of filing his second complaint. The trial court dismissed the first and second complaints without prejudice under Civ.R. 41(B)(1) for failure to prosecute. This type of dismissal places the parties in the same position they were in before the action was filed. *Nnadi v. Nnadi*, 10th Dist. Franklin No. 15AP-13, 2015-Ohio-3981, ¶ 16. Therefore, because McCullough filed his second complaint before the statute of limitations expired, he had no need to "use," "invoke," or "rely upon" the savings statute at all. To hold that he "used" the savings statute when he filed his second complaint within the original limitations period would at least arguably place him in a worse position than if the savings statute did not exist.[5] We decline to find that McCullough "used" the savings statute under circumstances where it availed him nothing and where he would have been just as well off if it had been repealed.

{¶ 33} Given that the trial court's involuntary dismissal placed McCullough in the same position as if the first complaint had not been filed and the statute of limitations had not run, we find it unreasonable to conclude that he exercised a "use" of the savings

---

[5] This is so because the saving's statute's one-use rule would preclude filing a third complaint within the statute of limitations, whereas such a filing would be allowed if the saving statute did not exist.

statute when he filed his second complaint. At that point, the savings statute was of no real effect to him. The first time he necessarily relied on or "used" the savings statute was when he filed the present action four months after the applicable statute of limitations had expired. That being so, we see no barrier to his reliance on the savings statute in this case.

{¶ 34} In reaching our conclusion, we acknowledge the opposing view that a plaintiff necessarily "uses" the savings statute under the amended version of R.C. 2305.19 whenever he refiles a complaint. Indeed, the terms of the statute now cover all re-filings, insofar as it grants a plaintiff the longer of one-year from the dismissal or the remainder of the original limitations period to refile. *See Rector v. Dorsey*, 8th Dist. Cuyahoga No. 109835, 2021-Ohio-2675, ¶ 10 ("Under R.C. 2305.19, Rector had the later of two dates to refile that action for the action to be considered timely. * * * Rector's decision to immediately refile the action on February 7, 2017, within the original statute of limitations period did not circumvent the unambiguous language of the savings statute."). Therefore, we recognize that McCullough could be said to have "used" the savings statute because his refiling (like all re-filings now) was covered by the language of R.C. 2305.19.

{¶ 35} But even if we were to assume, arguendo, that McCullough did "use" the savings statute when he refiled his second complaint, we would find no reasonable justification for applying a one-use rule to that filing. The one-use limit on invoking the savings statute originated prior to the 2004 amendment of R.C. 2305.19. The purpose of allowing the savings statute to be used only once was to prevent continuous re-filings

after the original statute of limitations had expired. *Thomas*, 79 Ohio St.3d 221, 227, 680 N.E.2d 997, citing *Hancock v. Kroger Co.*, 103 Ohio App.3d 266, 659 N.E.2d 336 (10th Dist. 1995) and *Iglodi v. Montz*, 8th Dist. Cuyahoga No. 68621, 1995 WL 516609 (Aug. 4, 1995); *see also Mihalcin v. Hocking College*, 4th Dist. Athens No. 99CA32, 2000 WL 303138, *4 (Mar. 20, 2000) (observing that absent a one-use limit "a plaintiff could utilize the savings statute to keep a cause of action alive long past the time that the statute of limitations expired"); *Turner v. C. & F. Prod. Co.*, 8th Dist. Franklin No. 95APE02-175, 1995 WL 578120, *2 (Sept. 28, 1995) (reasoning that "R.C. 2305.19 may not be relied upon to keep a cause of action alive indefinitely"). A one-use restriction, which is not set forth in the statute itself, made sense because prior to the 2004 amendment the savings statute only applied in situations where the statute of limitations had expired.

{¶ 36} To the extent that the terms of the savings statute now address situations where the statute of limitations has not expired, restricting a plaintiff to one refiling *prior to* expiration of the limitations period does not make sense. Within the statute-of-limitations period, a plaintiff is always free to refile a complaint that has been involuntarily dismissed without prejudice. As noted above, such a dismissal leaves the parties in the same position as if the complaint never had been filed, and the policy concerns that led to creation of the one-use rule do not apply in such a situation. A defendant has no expectation of finality prior to the statute of limitations expiring. That being so, fears of continued exposure or harassment of a defendant are lessened before the statute of limitations runs. In addition, other mechanisms such as the "double-dismissal rule" exist to protect a defendant if a less-than-diligent plaintiff repeatedly commences and

voluntarily dismisses actions within the statute-of-limitations period. [6] And under appropriate circumstances, a trial court is free, of course, to make its involuntary dismissals with prejudice, thereby precluding additional filings.

{¶ 37} In short, we see no legitimate justification for applying the savings statute's one-use restriction when a plaintiff dismisses and refiles a complaint *within* the applicable statute of limitations. Consistent with the original intent and purpose of the limitations, we believe the one-use restriction should apply only when a plaintiff refiles an action *outside* of the original statute of limitations. Because McCullough filed his second complaint within the applicable statute of limitations, we hold that he was not precluded from relying on the savings statute to file a third complaint after the statute of limitations had expired.

{¶ 38} In reaching our conclusion, we recognize that this court has cited the one-use rule after the 2004 amendment to R.C. 2305.19. In *Paul v. I-Force, LLC*, 2d Dist. Champaign No. 2016-CA-25, 2017-Ohio-5496, ¶ 36, for example, we stated that the savings statute may be used only once to refile a case. In *Paul*, however, the plaintiff filed a complaint, it was dismissed after the limitations period had expired, and the plaintiff refiled within the one-year period allowed by the savings statute. Under those circumstances, we correctly held that the appellant could not invoke the savings statute a second time. *Paul* did not address the factual situation before us, and we have found no case law from this district specifically discussing the one-use rule in light of the savings statute's amendment.

---

[6] We note that the double-dismissal rule does not apply here. It applies when a plaintiff twice voluntarily dismisses an action pursuant to Civ.R. 41(A). Here both of McCullough's prior dismissals were *involuntary* dismissals without prejudice by the trial court pursuant to Civ.R. 41(B).

{¶ 39} Other appellate districts, however, have considered the one-use rule in light of the 2004 amendment to R.C. 2305.19. In *Dargart v. Ohio Dept. of Transp.*, 171 Ohio App.3d 439, 2006-Ohio-6179, 871 N.E.2d 608 (6th Dist.), the Sixth District held that the amended version of the savings statute still could be used only once to refile a case, reasoning:

Prior to the amendment of R.C. 2305.19, the Ohio Supreme Court held that the saving statute may be used only once to refile a case. *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 227, 680 N.E.2d 997, citing *Hancock v. Kroger Co.* (1995), 103 Ohio App.3d 266, 659 N.E.2d 336. *See, also, Estate of Carlson v. Tippett* (1997), 122 Ohio App.3d 489, 491, 702 N.E.2d 143; *Harris v. O'Brien*, 8th Dist. Nos. 86218 and 86323, 2006-Ohio-109, ¶ 15. The saving statute cannot be used to keep actions alive indefinitely. *Romine v. Ohio State Hwy. Patrol* (2000), 136 Ohio App.3d 650, 654, 737 N.E.2d 586. To allow a plaintiff to use R.C. 2305.19 more than once would "frustrate the purpose of the civil rules which are intended to prevent indefinite filings." *Hancock v. Kroger Co.*, 103 Ohio App.3d at 269, 659 N.E.2d 336.

Despite the broadening language in the amendment of R.C. 2305.19, we are of the opinion that the legislature did not intend to obviate the foregoing precept by allowing endless filings of the same case so long as the filings were within one year of a dismissal otherwise than upon the merits. The legislative history of the current version of R.C. 2305.19, as set

forth infra, supports this opinion. The new version of the statute was enacted to prevent the disparate treatment of "similarly situated" plaintiffs. Appellant's case cannot be likened to that of a plaintiff whose case was dismissed other than on the merits before the statute of limitations ran. We thus conclude that because appellant employed the saving statute once to refile his lawsuit in the Court of Claims, he cannot use the saving statute to bring the same cause of action a third time. Appellant's first assignment of error is found not well taken.

(Emphasis added.) *Id.* at ¶ 21-22.

**{¶ 40}** The appellant in *Dargart* first filed an action in March 2000. That action was dismissed without prejudice in November 2000 *after* the statute of limitations expired. The appellant subsequently refiled within the one-year period allowed by the saving statute. Therefore, there is no question that he "used" or relied upon the savings statute to refile. In August 2005, the refiled action was dismissed for lack of jurisdiction. The appellant then attempted to use the savings statute a second time to file another complaint. Under these circumstances, the Sixth District held that the appellant could not use the savings statute again. *Id.* at ¶ 2, 5-7, 22. Notably, the Sixth District stressed that the appellant's situation "cannot be likened to that of a plaintiff whose case was dismissed other than on the merits before the statute of limitations ran." *Id.* at ¶ 22.

**{¶ 41}** A Tenth District case, *Bailey v. Ohio State Dept. of Transp.*, 10th Dist. Franklin No. 07AP-849, 2008-Ohio-1513, is similar to *Dargart*. In *Bailey*, the appellant filed a complaint in Cuyahoga County and dismissed it in June 2001 after the statute of limitations had expired. The appellant then invoked the savings statute and refiled the

complaint in July 2001. *Id.* at ¶ 9. That action ultimately was dismissed for lack of jurisdiction. Thereafter, the appellant filed another complaint in May 2007 in Franklin County, claiming that it was a refiling under the savings statute. *Id.* at ¶ 9. The Tenth District held that the appellant could not use the savings statute a second time despite its amendment in 2004. Relying of *Dargart*, the Tenth District reasoned:

> * * * We agree with the rationale of *Dargart*. Neither the amended language of the statute nor the bill analysis suggests the legislature intended to modify any aspect of the savings statute other than to address the possibility that the former statute treated similarly situated plaintiffs differently in requiring that the statute of limitations expire before the savings statute could be utilized. Because plaintiff invoked the savings statute in order to re-file his complaint in Cuyahoga County, he cannot for the second time use the statute to render his Franklin County complaint timely. Accordingly, the trial court properly concluded the applicable statute of limitations bars plaintiff's complaint.

*Id.* at ¶ 14.

{¶ 42} *Dargart* and *Bailey* are distinguishable from the present case in at least one noteworthy way. In both of those cases, the appellant's initial complaint was filed and then dismissed *after* the statute of limitations had expired. Therefore, the second complaint undeniably relied upon the savings statute to enable its refiling and overcome the time bar. In finding that the appellant could not invoke the savings statute a second time, the *Dargart* court observed that "Appellant's case cannot be likened to that of a plaintiff whose case was dismissed other than on the merits before the statute of limitations ran." *Dargart*

at ¶ 22.

{¶ 43} Unlike *Dargart* and *Bailey*, the present case *does* involve an appellant whose first and second actions were dismissed other than on the merits before the statute of limitations expired. McCullough did not need the savings statute until he filed his third complaint, which was filed four months after the statute of limitations had expired. Based on the reasoning set forth above, we conclude (1) that McCullough did not "use" the savings statute when he filed his second complaint and (2) that the one-use restriction should not bar his third complaint even if he did "use" the savings statute when he filed the second one. Therefore, McCullough was permitted to rely on the savings statute to file his third complaint.

{¶ 44} We recognize that our analysis is at odds with cases from the Sixth and Eighth District concerning application of the savings statute after the 2004 amendment to R.C. 2305.19. In *Rector v. Dorsey*, 8th Dist. Cuyahoga No. 109835, 2021-Ohio-2675, the Eighth District considered a scenario analogous to ours and found that the appellant could not avail himself of the savings statute. In that case, the appellant filed a complaint in August 2017. One day before the statute of limitations expired, he dismissed the complaint and refiled it that same day. Over a year later, the trial court dismissed the refiled complaint without prejudice for failure to prosecute. Four months later, the appellant filed a third complaint, relying on the savings statute. *Id.* at ¶ 2. The Eighth District held that the appellant necessarily filed his second action "through the invocation of R.C. 2305.19" even though he filed it before expiration of the statute of limitations. *Id.* at ¶ 9-10. Therefore, the Eighth District held that the appellant could not rely on the

savings statute to file his third complaint. *Id.* at ¶ 10.

{¶ 45} Similarly, in *Owens College Nursing Students*, 6th Dist. Wood No. WD-14-012, 2014-Ohio-5210, the Sixth District addressed a situation where a first complaint was filed and dismissed before the statute of limitations expired. The appellants then refiled their complaint, again prior to expiration of the statute of limitations. The Sixth District held that the second filing before the statute of limitations ran constituted a use of the savings statute and precluded filing a third complaint. The Sixth District reasoned:

> Appellants refiled on August 19, 2010, a matter that had failed otherwise than upon the merits on February 24, 2010. As such, appellants utilized the savings statute option permitting refiling within one year of the first failure otherwise than upon the merits and simultaneously foreclosed further refilings following potential additional dismissals otherwise than upon the merits regardless of whether done before or after the expiration of the original applicable statute of limitations. We find there is no basis under which the disputed December 21, 2012 filing can be construed other than an untimely filing and contrary to R.C. 2305.19(A). * * *

*Id.* at ¶ 30.

{¶ 46} Based on our analysis herein, we respectfully disagree with the reasoning of the Sixth and Eighth Districts. We do not believe McCullough "used" the savings statute when he filed his second complaint within the applicable statute of limitations on June 27, 2018. But even if he did, we see no reasonable justification for applying the one-use restriction where McCullough filed his second complaint within the applicable statute of

-25-

limitations following a prior dismissal without prejudice.

### III. Conclusion

**{¶ 47}** We hold that the trial court erred in finding R.C. 2305.19 inapplicable to extend the time for McCullough to file his complaint in this case. McCullough's assignment of error is sustained. The trial court's judgment is reversed, and the case is remanded for further proceedings.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Robert L. Gresham
Jonathon L. Beck
Anthony V. Graber
Hon. Kimberly A. Melnick